Lipscomb, J.
This is an appeal from the decision of the district court of Harris county reversing the judgment of the probate judge in the matter of the administration of E. Humphreys. The probate judge on the the 3d day of March, 1843, caused a summons to be issued to C. W. Buckley, administrator of the estate of E. Hum-phreys; the order is in the words following:
“Estate of Humphbeys v. C. W. Buckley.
“ It is ordered by the court that a summons issue requiring the administrator, C. W. Buckley, to be and appear at the next term of this court, and make a showing of the manner in which he lias administered the said estate; also to make his final account of his administration.” The administrator appeared and resisted the order, on the ground that the call was not made according to the provisions of the act of 16th January, 1843. The probate judge overruled the objection, and the administrator appealed. The district court reversed the judgment, and the judge of probates appealed to this court.
The only question presented is on the construction of the act of January 16, 1843. The appellant contends that it.does not so far repeal the previous acts of congress as to take away from the probate judge the right to call upon the administrator for a showing of the manner in which he has discharged his trust at the will of the said judge. The act is in the following words: “That in no case shall any administrator or guardian be required to sell any other property than that of a perishable nature, belonging to the estate of any deceased person or ward, nor be required to render and settle their accounts, except upon the application, by petition of some creditor or creditors, heir or heirs, legatee or legatees, or of some next friend of the ward, any law now in existence, to the contrary, notwithstanding.”
Wliln the words used in a 'statute clearly express the will of the legislature, courts are not at liberty to give a construction changing the meaning and defeating the will of the law-making department. The courts cannot make laws — it is their province to expound them. If the act above recited deprives the probate court of authority to call on administrators and guardians, for an exhibit of the manner in which they have discharged their duty, unless on the petition of an interested party, although it would be destructive of the strongest guards thrown around the interest of creditors, heirs and minors, yet the policy and consequences of such law would afford us no authority for refusing to give it that effect. But does a fair construction of the statute force us to that result? To report the condition of an estate, that is to say, the state of accounts between the administrator *(24) and the estate is one thing; to report and settle those accounts is another, very different in its effect and meaning. The first would afford such information as would put parties interested on their guard, and would often enable them to defeat fraud and maladministration, before it would be too late to protect their interests, after the information as to the condition of the estate had been obtained. It is but reasonable that it should be left to those most interested, to determine whether they should ask or not for a settlement; in other words, payment. By giving it this construction, we do not abridge or change the full effect and meaning of the language used in the statute. We say that an administrator or guardian cannot be called upon to render and settle his accounts except in the mode the statute expressly provides, but that the probate court may, at its discretion, call for an exhibit of accounts. The judgment must therefore be reversed and remanded to the district court, with instructions to render a judgment in accordance with the opinion here given.