### J. N. BRADSHAW, GUARDIAN, v. R. LYLES.

#### Decided April 21, 1909.

**1.—Estates of Minors—Claims—Appeal—Pleading.**

One who has filed against the estate of a minor a claim approved as required by art. 2704, Revised Statutes, and obtained the approval thereof by the guardian and filed same with the clerk of the County Court, is not required on the hearing for allowance of such claim by the County Judge nor upon appeal from his order to the District Court to file any written pleadings setting up his cause of action against the estate. The trial in the District Court is de novo, upon a claim presented as required by the probate laws, which prevail as a special statutory regulation over the general provisions in regard to pleading in the District Court.

**2.—Same—Evidence—Verified Account.**

On appeal to the District Court from an order disallowing in part a claim against an estate, plaintiff may read in evidence his original claim verified in accordance with the statute and approved by the guardian.

**3.—Same—Pleading.**

Plaintiff, asserting a claim against the estate of a minor, having been required in the County Court to file a written statement in the nature of a pleading in explanation of his claim, no error appeared in permitting the same to be read to the court and jury in the trial in the District Court on appeal from the County Court judgment thereon.

**4.—Statement of Facts.**

In the absence of a statement of facts it is presumed, if evidence objected to

was inadmissible, that the judgment was supported by other competent evidence on the subject.

Appeal from the District Court of Milam County.   Tried below before Hon. J. C. Scott.

*J. K. Freeman* and *W. A. Morrison.* for appellant.

*Moore & Moore,* for appellee.

RICE, ASSOCIATE JUSTICE.—This is an appeal from the judgment of the District Court of Milam County establishing a claim of appellee against appellant as guardian of the estate of F. H. Hugen for the sum of $750.

It appears from the record that on the 23d day of January, 1908, appellee presented his claim for the sum of $1500 for approval to the guardian of said estate, which claim was for services formerly rendered by him as attorney to the ward, and on the same day said guardian approved said claim for the full amount thereof.   Whereupon the same was filed with the clerk of the County Court of Milam County, and properly docketed upon the claim docket of said court. The same was thereafter, at its April term, 1908, acted upon by the court and approved and allowed for the sum of $500, but disapproved as to the balance, and judgment to that effect was so entered in the minutes of said court, to which ruling of the court appellee excepted, gave notice of appeal to the District Court of Milam County and perfected his appeal thereto by sending up a transcript containing a certified copy of said judgment.

At the ensuing term of the District Court, to wit, on the 21st day of May, 1908, appellant filed an answer containing a general demurrer and general denial.   His demurrer being overruled, there was a jury trial and verdict and judgment rendered in favor of appellee for the sum of $750, with six percent interest thereon, which judgment was ordered certified to the probate court of Milam County for observance and enforcement in accordance with law, from which judgment this appeal is prosecuted.

Appellant by his first assignment of error challenges the action of the court in overruling his demurrer for the reason that no pleadings were filed in the County or District Court upon which a verdict could be sustained, and for a similar reason insists that the court erred in not granting his motion for a new trial.

No pleading of any kind was filed on the part of appellee, either in the County or in the District Court, but the transcript sent up from the County Court to the District Court shows that the appellee filed with the guardian of said estate his account for the sum of $1500, which was properly authenticated, as required by law, and the transcript further discloses that said guardian allowed said claim for said amount.

It is provided in art. 2704, Rev. Stats., that the guardian should not allow and the court should not approve any claim unless same be ac-

companied by an affidavit of the claimant "that the claim is just, that nothing has been paid or delivered towards the satisfaction of said claim, except what is mentioned or credited (if any) ; that there are no counterclaims known to the affiant which have not been allowed, and that the sum claimed is justly due." It is subsequently provided by the statutes that when the claim, so properly authenticated, is presented to the guardian that he shall, in writing, allow or reject the same, stating the amount for which it is allowed. After a claim is thus allowed by the guardian, it must be filed with the clerk of the court in which the guardianship is pending, who shall enter the same upon the claim docket, and at each regular term of the court, claims which have been allowed and entered on the claim docket, shall be examined by the court and approved or disapproved by it. The law further provides that any person may contest the approval of any such claim, and that the order of approval or disapproval of a claim by the court has the force and effect of a judgment. The law further provides that a claimant, or any person interested in the ward, who may be dissatisfied with the action of the court in approving or disapproving a claim, may appeal therefrom to the District Court, as in case of any other judgment rendered by said court.

So it appears from the transcript that the appellee presented his claim to the guardian, properly verified, as required by law, and that the same was by him approved for the full amount thereof; that thereafter it, having been duly filed and placed upon the probate docket, was disapproved in part by the judge of the County Court, from which an appeal was taken by the claimant to the District Court.

By art. 2789, Rev. Civ. Stats., it is provided that any person who may consider himself aggrieved by any decision, order or judgment of the court, or by any order of the judge thereof, may appeal to the District Court, as matter of right, without bond; and art. 2790 reads: "That an appeal is taken by causing an entry of notice thereof to be made on the record during the term at which such decision, order or judgment is entered; or, if such decision, order or judgment be in vacation, by causing the entry of such notice to be made before the close of the next regular term of the court thereafter. And by art. 2791, it is provided that when notice of appeal has been given, a certified transcript of the proceedings shall be made out by the clerk and transmitted to the District Court of the county;—such transcript shall not contain anything that does not relate to the decision, order or judgment appealed from. And by art. 2798, it is provided that appeals from a decision, order or judgment of the County Court, or county judge, to the District Court in cases of guardianship, shall be tried in the District Court de novo, and the judgment of the District Court therein shall be certified to the County Court to be carried into effect.

The statute nowhere requires or provides for any pleading on the part of a claimant in presenting his claim for approval, either to the guardian or to the county judge, other than as was done in this instance. The law expressly gave the appellee the right to appeal from the judgment of the County Court disallowing his claim in part,

which was done by him in accordance with the provisions of the statute, and the appeal duly perfected to the District Court.

The question for determination then is, after the appeal is so perfected, whether in order to have an adjudication thereon in the District Court, the party appealing thereto from the County Court is required to file any written pleadings in the District Court. It will be recalled that the law provides that on such appeals the trial in the District Court shall be *de novo*. By this we understand that the trial shall be anew in the District Court as though it was being retried in the County Court, and while the parties, if they so desired, might file pleadings presenting other issues, perhaps, than those tried in the County Court, still, they are not required to do so. The statute, as we have seen, nowhere provides for any pleading with reference to the establishment of a claim in the County Court in guardianship cases, nor does it so provide on appeal in such cases, but simply directs that the trial shall proceed *de novo* in the District Court. The County Court, as well as the District Court, is a court of record, and, as seems to be clear from the provisions of the statute above recited, it is only necessary to make the statutory affidavit in order to properly present the claim to the guardian, as well as to the County Court for its approval, and that whatever contests may be made in the County Court, must necessarily be made upon the issues so raised by said affidavit. This being true, then why does it become necessary, as soon as the appeal is perfected to the District Court, to require the claimant so appealing to file written pleadings? There seems to be no greater reason in the one instance than in the other. This being a special proceeding, we think must be held to be governed by the provisions of the guardianship statute alone. It is contended by appellant, however, that since arts. 1181, 1182 and 1183 provide that pleadings in all civil suits in the District and County Courts shall be by petition and answer, which shall be in writing, that therefore, these general provisions should control. But we think a sufficient reply to this contention is the principle so often announced that when there is a conflict between a general statute and a special one upon the same subject, that the provisions of the special will control. See Warren v. Shuman, 5 Texas, 454; Erwin v. Blanks, 60 Texas, 585; Gulf, C. & S. F. Ry. Co. v. Rambolt, 67 Texas, 656; Sedgwick on Con. & Stat. Law., 242.

Upon the presentation by the claimant of his claim to the County Court for its approval in guardianship matters, it is evident that its judgment of approval or disapproval, as the case may be, rests without any pleading for its support, other than the allegations of his verified account; and we see no reason on appeal, where the trial is to be *de novo*, in the absence of any statute requiring written pleadings, for any pleading to be filed in said court, and such, we think, was the evident intention of the Legislature. When the intention of the Legislature is plain, that construction shall be given to the act which will effectuate that intention. (Thompson v. Buckley, 1 Texas, 33; De Leon v. Owen, 3 Texas, 153; Runnels v. Belden, 51 Texas, 50.) Believing that no further pleading was required, we overrule these assignments.

By his third assignment, appellant questions the correctness of the judgment of the court in allowing the appellee to read in evidence the account sued on. We do not think there was any error on the part of the trial court in permitting appellee to read in evidence to the jury said account. Various technical reasons are urged by appellant in support of his contention that it was improper to allow said claim to be read, none of which, in our judgment, are well taken. It is true that the transcript does not contain a certified copy of this account. The law does not seem to contemplate that it should, but prescribes that the transcript shall not contain anything that does not relate to the decision, order or judgment appealed from. The transcript describes the account with particularity, and in this respect seems to be sufficient. But, at best, the objection urged could only be an irregularity, and was harmless.

By his fourth assignment of error appellant insists that the court erred in permitting the appellee to read to the jury his statement as a basis of his claim, which statement was filed in the County Court. It appears from the record that at the request of the county judge appellee filed the statement referred to, which was in writing and in explanation of his claim presented for the consideration of the court. This statement gives a detailed account of the services rendered by appellee, which formed the basis of the claim. It is in the nature of a pleading, setting forth appellee's cause of action. We can not see that any error was committed in permitting the same to be read to the court and jury trying the case. There is no statement of facts, and we must presume, in the absence of such statement, that the evidence, outside of anything contained in this written statement, was amply sufficient to support the judgment, for which reason we overrule this assignment.

Believing there is no merit in the remaining assignments, they are overruled. .

Finding no error in the proceedings of the trial court, its judgment is in all things affirmed.

*Affirmed.*

Writ of error refused.