MARTINEZ v. MEDINA VALLEY IRR. CO.
(No. 5357.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 5, 1914. Rehearing Denied Jan. 6, 1915.)

1. APPEAL AND ERROR (§ 218*)—PRESENTATION BELOW—INSTRUCTIONS—SPECIAL VERDICT.

Where no objection was made to an instruction that, if the jury answered a certain question in the negative, they need not answer the questions which followed, error could not be predicated on the jury's failure, after returning a negative answer, to answer such other questions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1315–1321, 1323; Dec. Dig. § 218.*]

2. TRIAL (§ 356*)—SPECIAL VERDICT—NEGLIGENCE.

Where, in an action for negligent personal injuries, the jury specially found that defendant was not negligent, they need not answer other questions which relate solely to defenses pleaded.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 849–854; Dec. Dig. § 356.*]

3. APPEAL AND ERROR (§ 213*)—OBJECTIONS AT TRIAL—SUBMISSION OF ISSUES.

Where, in an action for injuries to plaintiff's wife from being thrown from defendant's wagon, no objection was made to the submission of the issue of the driver's negligence, and no request was made for the submission of any other theory of negligence pleaded by plaintiff, error could not be predicated on the fact that the judgment was based on the finding on the issue submitted.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1149, 1165, 1304–1308; Dec. Dig. § 213.*]

4. APPEAL AND ERROR (§ 707*)—PRESENTATION FOR REVIEW—SUBMISSION OF ISSUES.

A contention that the judgment for defendant was erroneous, because based on the jury's finding on only one theory of negligence, could not be considered on appeal, where the absence of any statement of facts rendered it impossible to determine whether there was evidence to support any theory of negligence other than that submitted.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2942; Dec. Dig. § 707.*]

5. NEGLIGENCE (§ 142*)—SPECIAL VERDICT—JUDGMENT.

In an action for injuries to plaintiff's wife from being thrown from defendant's wagon, a negative reply by the jury to a question whether or not defendant's driver was negligent, and such negligence was the proximate cause of the accident, authorized a judgment for defendant.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 400–403; Dec. Dig. § 142.*]

Appeal from District Court, Bexar County; W. F. Ezell, Judge.

Action by Antonio Martinez against the Medina Valley Irrigation Company. From judgment for defendant, plaintiff appeals. Affirmed.

J. D. Childs and Jas. W. Brown, both of San Antonio, for appellant. Wm. Aubrey and West & McMillan, all of San Antonio, for appellee.

MOURSUND, J. Appellant sued appellee to recover damages for injuries sustained by his wife, who fell or was thrown from a wagon owned by appellee. It was alleged that Clarence Chipman was the driver of appellee's wagon, and that he had been sent by Walter Mitchell, the foreman or vice principal of appellee, to convey appellant's wife, together with other women and children and household furniture, from the big dam to the little dam of appellee, a distance of about four or five miles; that in pursuance of said order Chipman permitted appellant's wife and others to ride in a wagon from the big dam to the little dam of appellee; that the wagon started at nighttime, drawn by a pair of mules, and had no brake attached to it, nor any light, and while proceeding over a rough, hilly, and dangerous road, and going down a steep and curving hill, the mules started in a fast trot and became unmanageable; that the driver was unable to see the condition of the road; that a wheel or wheels of the wagon ran into a chug hole in the road or against a rock, which caused said wagon to upset or tilt or jolt with such violence that it threw out appellant's wife, thereby inflicting upon her injuries which were fully set out in the petition; that appellee was guilty of negligence in improperly loading the wagon, in failing to have a brake on the wagon, in failing to have a light upon the wagon, in failing to have a safe and careful driver, in overloading the wagon, in proceeding in the nighttime over a dangerous road without a light, in failing to route the wagon over another road which was comparatively safe, and in moving said people in the nighttime instead of the daytime.

Appellee, by its answer, joined issue upon all the material allegations of the petition, and alleged that appellant's wife was a tres-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

passer, riding in the wagon without right or authority, and in violation of express instructions given by appellee's foreman. Appellee also pleaded assumed risk and contributory negligence. The case was submitted to the jury upon special issues; the first seven questions and answers thereto being as follows:

"(1) Was the plaintiff's wife, Rosa Martinez, invited to ride on said wagon by any employé of the defendants? If so, by whom? Answer, stating name, if you find she was invited, and, if you find she was not, answer 'No.' Answer: Yes, by Chipman.

"(2) Was Clarence Chipman directed by Walter Mitchell to transport Rosa Martinez on said wagon? Answer 'Yes' or 'No.' Answer: Yes.

"(3) Did Walter Mitchell have authority to employ and discharge employés of defendant without first obtaining the consent of his superior officer? Answer 'Yes' or 'No.' Answer: No.

"(4) Was the transporting of plaintiff's wife, Rosa Martinez, for the benefit of the defendant? Answer 'Yes' or 'No.' Answer: No.

"(5) Was Clarence Chipman acting within the scope of his employment and within the scope of his authority in transporting Rosa Martinez on said wagon? Answer 'Yes' or 'No.' If you answer question No. 5 'No,' then you need answer no other question. Answer: Yes.

"(6) Did the wheel or wheels of said wagon run into a chug hole and thereby cause the wagon to tilt or jolt with such violence as to throw Rosa Martinez out of the wagon and injure her, substantially as alleged in plaintiff's petition? Answer 'Yes' or 'No.' Answer: Yes.

"(7) If you answer question No. 6 'Yes,' then state whether or not Clarence Chipman was guilty of negligence in permitting said wagon to run into such chug hole, if he did permit it, in the manner you may find it did, and was such negligence, if any, the proximate cause of the accident? Answer 'Yes' or 'No.' Answer: No."

In addition to the above questions, the court submitted questions Nos. 8, 9, 10, and 11, the first three of which related solely to the defenses pleaded by appellee, while the last related to the amount to be found by the jury, provided they answered the questions favorably to appellant. The court instructed the jury that if, they answered No. 7 "No," they need answer no further questions. Pursuant to such instruction, they did not answer Nos. 8, 9, 10, and 11. Judgment was rendered in favor of appellee.

The only paragraph of appellant's motion for a new trial relating to the verdict contains the following statement of the grounds upon which appellant claimed to be entitled to a new trial, viz.:

"Because all the issues as made in the pleadings have not been answered by the jury in response to the special issues submitted by the court on the trial hereof; the jury having answered in favor of plaintiff all questions submitted to them up to No. 7, which said No. 7 was submitted in such a way as to confuse the jury and was not the only issue in the case, and questions Nos. 8, 9, 10, and 11 were not answered, but should have been, and said answers do not dispose of the case and do not authorize a judgment for defendant in said cause."

No request was made by appellant for the submission of any other theory of negligence than the one submitted by the court in question No. 7, and no objection was made to

the form of said question No. 7, nor any other question submitted by the court; nor was any objection made to the charge of the court in that it instructed the jury not to answer questions Nos. 8, 9, 10, and 11, if No. 7 was answered in the negative. It can hardly be said that the paragraph of the motion for new trial, above quoted from, contains any objection to the verdict based upon the ground that the verdict was uncertain or contradictory. However, appellant, by six assignments of error, contends that the court committed error in rendering judgment upon the verdict, and that such error is fundamental.

[1, 2] One contention is that the court should have required the jury to answer questions Nos. 8, 9, 10, and 11. Aside from the fact that no objection was made to that part of the charge instructing the jury not to answer said questions if No. 7 was answered in the negative, no harm was sustained by appellant by the failure of the jury to answer said questions, as they related to defenses pleaded by appellee and the amount of the recovery if all questions had been answered favorably to appellant. If, in answering question No. 7, it was determined that appellee's employé was not guilty of negligence, or, if guilty of negligence, the same was not the proximate cause of the injuries, then it would certainly be unnecessary for the jury to go further and consider the defenses pleaded by appellee.

[3, 4] Another contention is that the court committed fundamental error in basing its judgment upon the negligence of Chipman, as he was the mere driver or teamster acting under the direction of Walter Mitchell, the authorized agent of appellee. It is a sufficient answer to this contention to say that no objection was made to the submission of the issue of Chipman's negligence, and no request was made for the submission of any other theory of negligence pleaded by appellant. Besides, there being no statement of facts in the record, it is impossible to determine whether there was any evidence to support any other theory of negligence than the one submitted by the court.

[5] The only other contention made by appellant which we will consider is the one that the verdict is insufficient to support the judgment, on the ground of being uncertain and conflicting. Appellant contends that question No. 7 contains three distinct questions, viz.: Whether Clarence Chipman was guilty of negligence; whether Clarence Chipman was not guilty of negligence; and, if guilty of negligence, whether same was the proximate cause of the injuries. This contention is without merit. By asking the jury to state whether or not Clarence Chipman was guilty of negligence, the jury was given plainly to understand that an affirmative answer would be a finding that he was guilty

of negligence, while a negative answer would be a finding that he was not guilty of negligence. It is true that two questions were contained in this interrogatory: One whether Chipman was guilty of negligence, and the other whether such negligence, if any, was the proximate cause of the accident. However, no objection was made to the question on this ground, nor to the instruction of the court to answer same "Yes" or "No," and we doubt not that, had the jury answered it "Yes," appellant would have strenuously contended that such answer amounted to a finding that Chipman was guilty of negligence and that such negligence was the proximate cause of the accident, but the jury answered in the negative, and, if it be contended that such answer should not be construed as a finding that there was no negligence, then it is evident that it must be a finding that the negligence was not the proximate cause of the accident. Taking it either way, appellant was not entitled to a recovery. The answer to question No. 6 does not make a conflict with the answer to No. 7. In answering No. 6 in the affirmative, the jury determined that the wagon was caused to tilt by reason of the wheels running into a chug hole, and thereby appellant's wife was thrown out of the wagon and injured, substantially as alleged in plaintiff's petition. The manner in which the accident occurred was thus determined and the fact established that appellant's wife was injured substantially as alleged in the petition. The issue of negligence was not submitted in said question, nor whether the fact that the wagon ran into the chug hole was the proximate cause of the injuries. Appellant admitted in his brief that the answer to question No. 6 merely fixed what was the immediate cause of the injuries inflicted upon his wife, and that it did not determine whether the failure to have a brake or light upon the wagon, or some one of the other grounds of negligence alleged in plaintiff's petition, was the proximate cause of the injuries in question. The jury evidently found that while the wheels of the wagon ran into a chug hole, causing the wagon to tilt or jolt with such violence as to throw appellant's wife out of the wagon and injure her, yet that Chipman was not guilty of negligence in permitting the wagon to run into the chug hole, or, if he was guilty of negligence, that such negligence was not the proximate cause of the injuries.

We conclude that the verdict of the jury amounts to a finding that appellant had no cause of action, and that, upon such verdict being returned into court, it was the duty of the court to enter judgment thereon in favor of appellee.

The assignments of error are overruled, and the judgment is affirmed.