WARD v. GRAHAM.   (No. 1553.)

(Court of Civil Appeals of Texas. Amarillo. May 26, 1920. Rehearing Denied July 3, 1920.)

1. Specific performance ⊜⟞114(4)—Allegation of ability, etc., held sufficient as averment of tender.

In an action for specific performance, an amended petition, alleging in substance that plaintiff had been at all times since making the contract ready, willing, and able to perform his part and to accept conveyance, and to pay for the same and to assume vendor's payment of mortgage, held sufficient as against objection of failure to allege tender.

2. Principal and agent ⊜⟞189(3½)—Where answer denied authority of vendor's agent, ratification properly pleaded in supplemental petition.

Where a petition for specific performance alleged that one was acting as agent of the vendor, and her answer denied the agent's authority, it was the office of the plaintiff's supplemental petition to reply to this denial, and it was proper to allege ratification which, if true, was a sufficient answer.

3. Appeal and error ⊜⟞544(1)—In absence of statement of facts, special exceptions cannot be reviewed.

In the absence of a statement of facts, assignments of error, relating to rulings on special exceptions, cannot be reviewed.

4. Appeal and error ⊜⟞544(1)—Special exceptions on instructions not reviewable in absence of statement of facts.

In the absence of a statement of facts, special exceptions to the giving or refusing of instructions cannot be reviewed, since the testimony might have shown defendant in error entitled to recovery, notwithstanding the giving or refusing of charges or issues.

5. Appeal and error ⊜⟞932(1)—Presumed that discrepancy in acreage was taken care of in judgment.

In an action for specific performance, of contract binding plaintiff to convey "2,100 acres, more or less," which the contract described as being 2¼ sections, which ordinarily would be but 1,600 acres, and neither the origi-

nal petition nor supplemental petition alleges any mistake in drafting the contract, court on appeal must presume in support of the judgment for specific performance that the evidence explained the discrepancy, or that some agreement with reference to it was made, and that the court did not arbitrarily fix the amount of the judgment, where the contract fixed the price per acre.

**6. Appeal and error** ⇐➾1152—**Decree for specific performance amended to provide for failure of plaintiff to file assumption of indebtedness.**

A decree for specific performance, which fails to provide that, should plaintiff fail to file with the clerk of the trial court his assumption of indebtedness required by the judgment within 30 days of the date mandate is filed in the lower court, the title should reinvest in the defendant, will be amended to so read.

Error from District Court, Deaf Smith County; Reese Tatum, Judge.

Suit by W. A. Graham against Mrs. A. A. Ward. Judgment for plaintiff, and defendant brings error. Affirmed.

Carl Gilliland, of Hereford, for plaintiff in error.

H. C. Randolph, of Plainview, and Wm. M. Knight, of Hereford, for defendant in error.

HALL, J. Defendant in error, Graham, sued plaintiff in error to enforce specific performance of a contract of sale of real estate, alleging in his second amended original petition, upon which the case was tried, substantially that on the 22d day of August, 1917, plaintiff and the defendant, acting by her duly authorized agent, S. B. McClure, entered into the following agreement:

"State of Texas, County of Randall.

"Know all men by these presents, that this memorandum of agreement, and contract, made and entered into this day, by and between Mrs. Ama A. Ward of Deaf Smith county, Texas, party of the first part, and W. A. Graham of Briscoe county, Texas, party of the second part, that the said Mrs. Ama Ward, party of the first part agrees to sell and deliver unto the said W. A. Graham, party of the second part, all of a certain tract or parcel of land, being all of sections Nos. 236, 235, and the N. ½ of 234, in block M—6, in Castro county, Texas, and containing 2,100 acres of land, more or less, consideration $12.50 per acre, to be paid in cash on delivery of warranty deed, showing a good, merchantable title to said land, invested in the party of the first part and the assumption of 97½ cents per acre, due the state of Texas; this being state school land.

"The said party of the first part is to have thirty days in which to deliver abstract of title showing good, merchantable title to said land.

"Said party of the second part is to have ten days in which to have said abstract of title examined by his attorney, but, should from some unavoidable reason, either party be delayed in either getting the abstract or having the same examined, then each party is to have a reasonble time in which to comply with same.

"The said party of the first part retains all of the growing crops now on the land but said second party of the second part is to have possession of all grass land and is to have possession of balance of said land as the present crop is gathered.

"As an evidence of good faith, the said party of the second part has this day deposited in escrow with the First National Bank of Canyon, Texas, the sum of $1,000.00, to be held in escrow with this contract until completion of same and then applied as a part of the purchase money. However, should said party of the second part fail to comply with the terms of this contract then the said $1,000.00 as forfeit money to be paid said party of the first part as damages."

The plaintiff alleged: That by reason of said contract the defendant promised him and became bound to convey him the 2½ sections of land described in consideration of the said sum of $12.50 per acre, and further bound to furnish and deliver to plaintiff a warranty deed, conveying a good and merchantable title, and to do and perform all the other obligations of the contract. That at the time of the execution of the contract plaintiff deposited the sum of $1,000 in said bank, to be held by it in escrow until the consummation of the contract, when it was to be applied as part of the purchase money, and in the event of plaintiff's default said sum was to be forfeited to the defendant. That in compliance with the terms of the contract defendant tendered an abstract of title, in which certain defects were found, among others a deed of trust lien securing notes aggregating $15,000, in favor of H. P. Drought & Co. That defendant employed an attorney to correct said defects, and after all of said defects had been corrected except the matter of said lien, the defendant, without fault on the part of plaintiff, who was ready, able, and willing to perform the obligations of the contract, refused to make and deliver to him a proper conveyance of said land. That the said deed of trust securing the debt due Drought & Co. was secured by deed of trust executed by Geo. R. Ward, and his then wife, Mrs. Ama A. Ward, the defendant. That after the execution of said trust deed Geo. R. Ward and defendant were legally divorced, and the community estate and property belonging to them equally divided. That subsequent to the rendition of the divorce decree, defendant and Geo. R. Ward entered into an agreement in writing, whereby each of them was to pay a proportional part of said debt, in proportions unknown to plaintiff. Notice is given defendant to produce the partition agreement at the trial. That defendant's attorney, who was employed to correct the defect in the

chain of title, notified plaintiff's attorney, prior to the institution of this suit, that a release had been secured and recorded in Castro county, releasing certain lien, evidenced by deed of trust, executed by defendant to one E. S. Ireland, as trustee, conveying to said Ireland all of said section No. 236, to one J. G. Ayers, to secure a certain note in the sum of $4,048.50, dated February 16, 1917, bearing interest at the rate of 8 per cent. from date, and due in five years. That at the time plaintiff's attorney examined the title to said land he pointed out said defect and returned the abstract of title to defendant, and has been unable to secure the same until the afternoon of the 20th day of June, 1918. That upon inspection of the abstract it appears that the lien securing the Ayers note has not been released. Notice is given to defendant to file in the registry of the court the release from the said Ayers, showing full payment of said note. It is further alleged that plaintiff has at all times been ready, able, and willing to perform his part of the contract, and to do and perform all things necessary to complete the same, but that the defendant, by her refusal to perform the obligations resting upon her, has prevented the plaintiff from full performance; that he is now ready, able, and willing to accept a conveyance from the defendant, conveying said land, and to pay for the same, and hereby agrees to assume the payment of such portion of said Drought & Co.'s debt and the debt due and owing to J. G. Ayers, deducting principal and interest adjudged by the court for the amount of the cash payment to be made by plaintiff under said contract; that by reason of defendant's breach plaintiff has been deprived of the use of the grass and rent from said land; that the market rental value of the use of the land and grass thereon is $.25 per acre per annum, aggregating the sum of $400. The prayer is for citation, and that upon final trial plaintiff have judgment for specific performance; that the court deduct the amount of the indebtedness against the land, which defendant is legally bound to pay, and for which defendant has pledged the same, and that the amount of said debts so found by the court as a charge against said land due by the defendant be assumed by plaintiff. Plaintiff prays further for judgment for his rents, and damages, amounting to $400, for costs of suit, and for general and special relief, to which in law and equity he may be entitled. Defendant's second amended original answer contains first a general demurrer, and the following special exceptions, both of which were overruled by the court:

"Further excepting to said amended petition, and especially that portion seeking specific performance of the alleged contract, this defendant says is insufficient, in that the said petition on its face shows that the defendant is not able to and cannot carry out and perform said contract."

The answer further denies generally the allegations of the petition, and alleges specially that she never authorized S. B. McClure, or any other person, to enter into a contract for the sale of said land to the plaintiff, or any other person; that the agreement between her and her former husband, G. R. Ward, is that defendant would assume the payment of $15/7, or $3,214.30, of the Drought indebtedness and that the said Ward would discharge the balance thereof, and that each party could discharge their respective shares of said indebtedness when the same became due and payable; that the plaintiff refused to perform the contract and carry it out, stating to defendant that he would not do so unless defendant paid one-half of said $15,000, and even demanded that she have released the land contracted to him from the said Drought lien, or execute a bond binding defendant to discharge the portion of said land from said lien. It is further alleged: That the broker, McClure, was authorized by her only to procure a purchaser for the land, and not to execute a contract of sale and that in executing the contract he exceeded his authority, in that (1) he undertook to bind defendant to convey the land to plaintiff, and (2) he exceeded his authority in providing in said contract that in the event plaintiff breached the same he could be relieved from performance thereof by forfeiting the $1,000; that the said McClure further exceeded his authority in entering into a supplemental agreement with plaintiff, whereby he undertook to bind defendant to convey and deliver to plaintiff, without additional consideration, all of certain lumber, wire, and other materials then on the premises, but not attached thereto, in a way making it a part of the realty, and which defendant had placed on the premises with the intention of constructing certain improvements, said property being of the reasonable value of $300. She then set out in detail the extent of McClure's authority, and alleges that the $15,000 mortgage indebtedness matured the 12th day of May, 1920; that the lien securing the same is on the 1½ sections of land described in plaintiff's petition as section No. 235, and the north one-half of sec. 234, as well as 5½ sections belonging to defendant's former husband, G. R. Ward; that after the divorce decree Ward and defendant entered into an agreement whereby, in consideration of defendant's undertaking to pay $15/7 of said $15,000, the said Ward agreed to pay the remaining portion thereof when due, or when it would be accepted by their debtor, Drought & Co.; that no part of said $15,000 has been paid, and Drought & Co. refuses to accept payment thereof until maturity of the debt; that said deed of trust lien is a blanket lien

on the lands belonging to defendant and Ward, and that it is impossible for her to discharge said indebtedness until its maturity, or to discharge her proportionate part of said indebtedness without discharging the whole. She admits the existence of the lien securing the debt due J. G. Ayers; that after plaintiff had discovered the existence of said liens he notified defendant that she must satisfy and remove the liens, and that he would not carry out the contract unless this was done; that she at said time informed plaintiff that she could not, and would not satisfy the Drought lien, and would not therefore convey him the land in case he required it. There are supplemental pleadings, the substance of which it is unnecessary to set out here.

The court submitted the case to a jury upon two special issues, as follows, both of which were answered in the affirmative:

"No. 1. Was the plaintiff ready, able, and willing to take title to the land from the defendant at all times after the title was examined by his attorney?

"No. 2. Did the defendant, with full knowledge, ratify the contract entered into by S. B. McClure for her with W. A. Graham, the plaintiff?"

[1] Under the first and second assignments plaintiff in error insists that the petition was subject to a general demurrer, because it does not allege a tender or an offer to pay or perform on the part of defendant in error, and further because after plaintiff in error, by her answer, had denied the authority of the agent McClure to execute the contract of sale, defendant in error pleaded ratification. The amended petition alleges, in substance, that defendant in error has been at all times since making the contract ready, willing, and able to perform his part, and that he is now ready, able, and willing to accept the conveyance from plaintiff in error, conveying the land to him, and to pay for same, and, further, that he agrees to assume the payment of her portion of Drought & Co.'s debt and the amount due the state of Texas. We think this allegation is a sufficient offer to perform and a tender, since he was not required to bring the money into court.

[2] The petition specifically alleges that McClure was the acting and duly authorized agent of plaintiff in error, and, her answer having denied the authority of the agent, it was the office of the supplemental petition to reply to this denial of the agent's authority, and the fact of ratification as alleged, if true, was a sufficient answer. These assignments are overruled.

[3] Plaintiff in error's third, fourth, fifth, sixth, and seventh assignments attack the court's action with reference to the charge. Under the third assignment it is insisted that the court erred in refusing to submit a certain special charge requested by plaintiff in error. The fourth assignment also complains of the court's refusal to give a special charge. The fifth, sixth, and seventh assignments complain of the court's action in submitting special issue No. 2.

The assignment following the seventh in the brief is numbered fifth. We presume this is a clerical error, as under the requirements of the rule it should have been numbered the eighth. Complaint is made under this assignment of the sufficiency of the evidence as to the number of acres contained in the tracts of land upon which to base the judgment, and upon which to calculate the amount of consideration to be paid by defendant in error.

The ninth assignment is:

"The judgment of the court is erroneous wherein it, in effect, gives judgment in favor of Mrs. Ward, for $20,000, in that the undisputed evidence is that the consideration to be paid for said land was $26,250."

The tenth assignment is:

"The judgment is erroneous, in that in case the defendant should pay off the liens said judgment only entitles her to an execution against the plaintiff for the sum of '20,000.'"

The eleventh assignment is:

"The judgment is erroneous, in that it makes no provisions for the reinvestment of the title to the land in defendant, and does not relieve her from executing and delivering the deed to the clerk in case the plaintiff should fail to file with the clerk his assumption of the payment of the indebtedness."

There is no statement of facts in the record. Such being the case, none of the assignments, except those urging the proposition that the petition is insufficient as against a general demurrer, can be considered. In the absence of a statement of facts the assignments of error relating to rulings on special exceptions cannot be reviewed. Chicago, etc., R. Co. v. Barrett, 45 Tex. Civ. App. 73, 100 S. W. 800.

[4] The rule further obtains with reference to the rulings of the court in giving or refusing instructions. The reason of the rule is that the testimony might have shown the defendant in error was entitled to recovery notwithstanding the action of the court in giving or refusing charges, or in submitting or refusing to submit issues. McMullen v. Kelso, 4 Tex. 235; Oscar v. Oscar, 107 S. W. 554; Osborne v. Prather, 83 Tex. 208, 18 S. W. 613; Marx v. Caldwell, 62 Tex. 64, 65.

[5] While the contract binds the plaintiff in error to convey "2,100 acres, more or less," it describes the land as being 2½ sections. If the sections contained the customary number of acres, 2½ sections would be 1,600

acres. While neither the original petition nor the supplemental petition, by proper allegation, alleged that there was a mistake of the scrivenor in drafting the contract, we must presume in support of the judgment that the evidence explained this apparent discrepancy, and that it furnished a satisfactory basis for the judgment of the court in the amount of $20,000, rather than $26,500, claimed to have been due by plaintiff in error. It would further be the duty of this court in support of the judgment, if necessary, to presume that some agreement with reference to this discrepancy was made, and that the court did not arbitrarily fix the amount of the judgment. If the judgment is not supported by the evidence plaintiff in error should have furnished this court with a statement of facts clearly sustaining its assignments, and in the absence of such statement it must be presumed that the evidence was in all things sufficient to sustain the court's decree. Morris v. Anderson, 152 S. W. 677; Bradshaw v. Lyles, 55 Tex. Civ. App. 384, 119 S. W. 918 (writ of error denied, 104 Tex. 680); Martinez v. Medina Valley Irrigation Company, 171 S. W. 1035 (writ of error denied, 179 S. W. xvi).

[6] We think the eleventh assignment presents a substantial objection to the judgment, which, however, we will correct here. The judgment as rendered below is reformed and amended, in that it is decreed that if the defendant in error shall fail to file with the clerk of the trial court his assumption of the indebtedness described in the judgment within 30 days from the date the mandate is filed in the lower court, then the title to the property in question shall reinvest in plaintiff in error, relieved of all claims asserted by appellee in this action.

The judgment, as reformed, is affirmed.