The several precedents to which we have been referred, namely, Veasly v. State (Tex. Cr. App.) 85 S. W. 274, Patrick v. State, 106 Tex. Cr. R. 205, 291 S. W. 901, Goode v. State, 56 Tex. Cr. R. 418, 120 S. W. 199, Felts v. State, 53 Tex. Cr. R. 48, 108 S. W. 654, and Childers v. State, 37 Tex. Cr. R. 392, 35 S. W. 654, have been considered, and are not deemed in conflict with the rule of practice stated in the beginning of this opinion, nor of its application to the present facts.

[5] We will state, however, that it would have been proper for the court to have instructed the jury, in substance, that, unless the evidence showed beyond a reasonable doubt that Braun was the owner of the stolen animal, an acquittal should result. Such a charge, if requested, doubtless would have been given by the court. At all events, as the record is viewed here, a charge of the nature last mentioned would have fully protected the appellant's legal rights. See Davis v. State, 68 Tex. Cr. R. 400, 152 S. W. 1094.

The motion for rehearing is overruled.

---

## MARTINEZ v. STATE.  (No. 11069.)

Court of Criminal Appeals of Texas. Oct. 26, 1927.

Rehearing Denied Nov. 30, 1927.

Burglary &#x25c8;41(1)—Evidence held to sustain conviction for burglary.

In prosecution for burglary, evidence *held* to sustain conviction.

Commissioners' Decision.

Appeal from District Court, San Patricio County; T. M. Cox, Judge.

Jose Martinez was convicted of burglary, and he appeals. Affirmed.

B. D. Tarlton, of Corpus Christi, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

CHRISTIAN, J. The offense is burglary; the punishment two years' confinement in the penitentiary.

There are no bills of exception in the record. The testimony of the state is, in substance, this: The mercantile establishment of Taft Mercantile Company, Incorporated,

was burglarized and dry goods of the approximate value of $400 taken therefrom without the consent of F. M. Boykin, Sr., president and general manager of the corporation, who had the actual control of the property, and in whom occupancy of the house and ownership of the property was alleged in the indictment. Shortly after the burglary a part of the property was recovered from appellant, and identified by the witness Boykin as being some of the property that was taken from the store.

Appellant testified, in substance, that at the time of the burglary he was asleep on the depot platform, and that three boys were with him; that about 3 o'clock in the morning they aroused him and said they had opened a window in a store; that he went with them and got in the house with them and helped them bring the things out; that they already had the things packed up; that they took the property out of the house and left it in a field near Taft.

We are of the opinion that the evidence was sufficient to sustain the verdict of the jury and the judgment rendered thereon.

The judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals, and approved by the court.

On Motion for Rehearing.

HAWKINS, J. No new question is presented in appellant's motion, but only the alleged insufficiency of the evidence is again urged.

From a careful review of the statement of facts on file, our opinion remains unchanged that the evidence amply justified the verdict.

The motion for rehearing is overruled.

---

## WHITSON v. NICHOLS.  (No. 9033.)

Court of Civil Appeals of Texas. Galveston. Nov. 3, 1927.

Rehearing Denied Nov. 23, 1927.

Highways &#x25c8;184(6)—Defendant automobile driver held entitled to judgment on finding his negligence was not proximate cause of injury, though other findings were inconsistent.

Where one injured by being struck by an automobile brought action against the driver thereof, and special issues were submitted to the jury, the answers to which plaintiff claimed were so inconsistent and contradictory as to be an improper basis for a judgment for defendant, *held* that answers were sufficient to sustain judgment, since by one of them the jury found that the defendant's negligence was not the proximate cause of the injuries.

Appeal from District Court, Brazoria County; M. S. Munson, Judge.

Action by Ernest Whitson against H. L. Nichols. Judgment for defendant, and plaintiff appeals. Affirmed.

Rucks & Enlow, of Angleton, for appellant.

A. E. & Carlos B. Masterson, of Angleton, for appellee.

GRAVES, J. This is an action for damages based upon averments, affirmed upon the one side and denied upon the other, that appellee negligently, upon the public highway, drove his automobile against the plaintiff, thereby proximately causing serious injury to him.

The trial court, after defining in a concededly correct manner the terms "negligence," "ordinary care," "proximate cause," "contributory negligence," and "unavoidable accident," submitted the cause to a jury upon special issues, which, together with the jury's answers, were as follows:

"No. 1. Was the injury to plaintiff, if any, the direct and proximate result of an unavoidable accident, as the same has heretofore been defined? Jury's answer: 'No.'

"No. 2. Was the defendant guilty of negligence, as that term is hereinbefore defined, in striking plaintiff with his car? Jury's answer: 'Yes.'

"No. 3. Was such negligence on the part of the defendant in striking the plaintiff with his car the proximate cause of the injury to plaintiff? Jury's answer: 'No.'

"No. 4. Did the defendant at the time and place alleged in plaintiff's petition drive his automobile past the plaintiff at such rate of speed as to endanger the life and limb of the plaintiff? Jury's answer: 'Yes.'

"No. 5. If you have answered the foregoing special issue No. 4 'Yes,' then you will answer the following special issue: Was the driving of such car at such rate the proximate cause, as that term is hereinbefore defined, of the injury to plaintiff, if any? Jury's answer: 'No.'

"No. 6. Was it necessary, under the circumstances in this case for the defendant, at the time and place alleged in plaintiff's petition to have sounded his automobile horn as a warning of danger to plaintiff? Jury's answer: 'Yes.'

"No. 7. Was such failure on the part of the defendant to sound his horn at the time and place the proximate cause, as that term has been heretofore defined, of the injury to plaintiff? Jury's answer: 'No.'

"No. 8. Was the plaintiff guilty of contributory negligence, as that term is hereinbefore defined, at the time and place complained of in plaintiff's petition? Jury's answer: 'Yes.'

"No. 9. Was the contributory negligence on the part of plaintiff at such time and place the proximate cause of the injury? Jury's answer: 'No.'

"No. 10. What amount of money, if paid at this time by defendant to plaintiff would fairly compensate plaintiff in damages for the injuries sustained? Jury's answer: 'Nothing.' "

On the coming in of this verdict, the court denied appellant's motion to set it aside and entered judgment in favor of the appellee, from which action the appeal is prosecuted.

The one general proposition relied upon for a reversal is the contention that the jury's answers to the special issues were insufficient to warrant a judgment for either party, in that they were inconsistent, irreconcilable, contradictory, and contrary to the undisputed evidence.

We cannot agree that there was any such conflict. Before the appellee could be held liable, it was indispensable to show, not only that he was negligent, but also that his negligence was *the* proximate cause of the injuries complained of. In the absence of either of these elements against him, he was entitled to an acquittance of the charge, and this the jury gave him in expressly finding that his contributory negligence was not the proximate cause of the injuries.

It was merely incumbent upon him to present a defense to the effort to fasten responsibility upon himself—not to further account for how the collision might have or probably did happen—and, having done that in securing a finding upon evidence that is not challenged as being insufficient, he was plainly entitled to the judgment rendered, regardless of the extent of the injuries so unfortunately received by his litigating opponent, or what may have caused them.

In other words, this is not a case where the undisputed evidence showed that the facts found to amount to contributory negligence did constitute the proximate cause of the resulting injury, notwithstanding the jury's finding that they did not, nor one where a judgment could have been rendered for plaintiff on a finding in his favor except for some other inconsistent, irreconcilable, or nullifying one, but rather an instance in which the jury consistently answered—on sufficient evidence—that the defendant's acts, though negligent, did not furnish the proximate cause of the injury, thus failing, in any event, to fix liability upon him. No other judgment than one in his favor could therefore have properly followed. Martinez v. Irr. Co. (Tex. Civ. App.) 171 S. W. 1035; Underwriters v. Schrieber (Tex. Civ. App.) 240 S. W. 963.

The judgment will be affirmed.

Affirmed.