LIGHTHALL v. WILSON. (No. 1821.)

Court of Civil Appeals of Texas. Beaumont. March 14, 1929.

Orgain & Carroll, of Beaumont, for appellant.

O. M. Lord, of Beaumont, for appellee.

O'QUINN, J. This suit was by appellee against appellant for injuries resulting from a collision of the automobile in which she was riding as a passenger and appellant's truck, being driven by one of his servants. The result of the jury's verdict is thus summarized by appellant:

"The case was submitted to the jury on special issues. The jury found in answer to Special Issues submitted as follows:

"They found in answer to Special Issue No. 1, that the defendant's truck was being driven at the time in question at a greater rate of speed than twenty miles per hour; and in answer to Special Issue No. 2, they found that the driving of said truck at such speed was not the proximate cause of the collision; they found in answer to Special Issue No. 3, that defendant's driver just prior to the collision was driving upon the left-hand side of Sabine Pass Avenue; they found in answer to Special Issue No. 4, that the defendant's driver was guilty of negligence in driving said truck upon the left-hand side of Sabine Pass Avenue; they found in answer to Special Issue No. 5, that such negligence in driving upon the left-hand side of Sabine Pass Avenue was a proximate cause of the collision; they found in answer to Special Issue No. 6, that the driver of defendant's truck was guilty of negligence in applying the brakes on the truck when he did, under all the facts and circumstances; they found in answer to Special Issue No. 7, that such negligence in applying the brakes when he did, was a proximate cause of the collision; they found in answer to Special Issue No. 8, that the driver of the automobile in which Clara Leita Wilson was riding, did not propel the same into the side of the truck on the day in question, and did not, therefore, answer Special Issues Nos. 10, 11, 12, 13 and 14. They found in answer to Special Issue No. 15 that the speed at which the automobile in which Clara Leita Wilson was riding on the day in question, was not a negligent rate of speed under all the facts and circumstances, and therefore did not answer Special Issues Nos. 16, 17, 18, 19 and 20. They found in answer to Special Issue No. 21, that the driver of the automobile in which plaintiff was riding did not fail to keep a proper lookout for the approaching truck, under all the facts and circumstances, and therefore, did not answer Special Issues Nos. 22, 23, 24, 25, 26 and 27. They found in answer to Special Issue No. 28, that the driver of the automobile in which plaintiff was riding at the time of, and just prior to said collision, was not attempting to make a left-hand turn, and therefore did not answer Special Issues Nos. 29, 30, 31, 32, 33 and 34. In answer to Special Issue No. 35, the jury found that the plaintiff sustained damages in the sum of Twenty-five Hundred Dollars ($2500.00); in answer to defendant's Special Requested Issue No. 2, the jury found that the collision in question was not the result of an unavoidable accident; but in answer to defendant's Special Requested Issue No. 3, the jury found that the collision was the result of a mere accident which could not be reasonably foreseen or reasonably antici- pated by the plaintiff, Clara Leita Wilson, and by the defendant, Ray Lighthall, acting by and through his agent."

Upon the verdict judgment was entered in appellee's favor for $2,500.

■■ We sustain appellant's proposition of conflict between the findings of the jury. "Unavoidable accident" and "mere accident" are synonymous terms. Answering defendant's question No. 2, that the collision was not the result of an unavoidable accident, and his question No. 3, that it was the result of a mere accident, created an irreconcilable conflict. Also, the answers to certain other questions convicting the driver of the truck of negligence and the answer to defendant's special issue No. 3 created an irreconcilable conflict. A conflict in the jury's verdict on determinative issues constitutes reversible error.

Special issue No. 35 was as follows:

"Special Issue Number Thirty-five.

"What sum of money, if paid now in a lump sum, would fairly compensate plaintiff for the injuries and damages, if any, sustained by her, as the direct and proximate result of the negligence, if any, of the defendant?

"Answer by giving the amount in dollars, if you find that plaintiff has sustained damages, or answer 'none,' if you find that no damages were sustained.

"In answering this question you may take into consideration the mental and physical pain and suffering, if any, that plaintiff has suffered, if any, from the time of the injury, if any, to the present time, as well as her future suffering, if any, which she may in reasonable probability suffer, if any. You may also take into consideration the impairment, if any, of the members of the plaintiff's body."

The following errors against this charge are duly assigned:

(a) The charge should have been corrected so as to limit appellee's recovery to the injuries and damages complained of in her petition and supported by the evidence.

(b) The court should have charged the jury, on exceptions of appellant, in what way and to what extent they were to take into consideration the impairment of appellee's body. She, a minor, was prosecuting her suit in her own name and right, without the intervention of a guardian. She had not been emancipated. Therefore, the charge should have been so framed, on defendant's exceptions, as to eliminate, as an element of recovery, the loss and impairment of her earning ability during minority.

We overrule appellant's assignment that he was entitled to an instructed verdict, and since the case must be reversed because of the conflict in the jury's findings, it is not necessary to discuss the proposition that the verdict was excessive.

Reversed and remanded.