BISHKIN et al. v. CAMPBELL, Judge, et al.

No. 10646.

Court of Civil Appeals of Texas. Galveston.

July 15, 1937.

Vinson, Elkins, Weems & Francis, of Houston, for relators.

King, Wood & Morrow and H. Earl Cox, all of Houston, for respondents.

GRAVES, Justice.

This is an original application for mandamus to compel the Judge of the 80th District Court in cause No. 232550 upon its docket, wherein Annie Belle Burkhart is plaintiff, and Abe Bishkin, et al., are defendants, to reverse his judgment of April 16, 1937, declaring a mistrial therein upon a conclusion that the findings of the jury upon issues of fact submitted to it were in such irreconcilable conflict as to amount to no valid verdict, and instead to enter a judgment in favor of the defendants upon such findings.

The writ will be refused upon the conclusion that, in the circumstances presented, to issue it would amount to an attempt upon the appellate court's part to harness the judicial discretion of the trial court, the supporting considerations being thus stated by that able Judge as a respondent in this court to the application.

"The cause was submitted to the jury on 69 special-issues, the first 25 dealing with primary negligence and inquiring whether or not the defendants were guilty of acts of negligence causing the collision, special issue No. 26 dealing with the question of unavoidable accident and reading as follows:

" 'Special Issue No. 26:

" 'Do you find from a preponderance of the evidence that the collision in question was not the result of an unavoidable accident?

" 'You will answer "It was not the result of an unavoidable accident" or "It was the result of an unavoidable accident" as you find the facts to be.

" 'In this connection you are instructed that by the term "unavoidable accident" as used above is meant the unforeseen and unanticipated happening of an event, occurring without either the plaintiff or the driver of the defendants' truck being guilty of negligence in the doing or permitting to be done or omitting to do anything that proximately caused the collision.'

"Special issues Nos. 27 to 65, inclusive, dealing with contributory negligence and inquiring whether or not the plaintiff was guilty of acts of negligence proximately causing the collision complained of, which were the sole proximate cause thereof; special issues Nos. 66 to 69, inclusive, dealing with the question of the damages, if any, sustained by the plaintiff as a result of the collision.

"By their answers to the first 26 issues the jury found the defendants were not guilty of any acts of negligence whatsoever, and that no act of theirs was a proximate cause of the collision. By their answers to Nos. 27 to 65, inclusive, they found the plaintiff was not guilty of any act of negligence whatsoever, and that no act of hers was a proximate cause or the sole proximate cause of the collision. By their answers to Nos. 66 to 69, inclusive, they assessed the plaintiff's damages at $8,260.00. By their answer to No. 26 they found that the collision was not the result of an unavoidable accident, which finding, in view of the instruction submitted in connection with such issue, was a finding that the col-

lision was proximately caused by either the negligence of the plaintiff, or that of the driver of the defendants' truck.

"The undisputed evidence showed that the collision occurred at night, upon a straight paved highway running in approximately a northerly and southerly direction, between the defendants' truck, which was being driven in a southerly direction, and the plaintiff's car, which was being driven in a northerly direction; it likewise showed that there were no other automobiles, vehicles, animals, or persons, in the vicinity of such collision when it occurred; that there were no obstructions of any nature upon the highway or in its vicinity, nor any defects or abnormalities in such highway, nor the existence of any situation or occurrence of any event, other than the acts or omissions of the plaintiff and the driver of the defendant's truck, which could have brought about the collision complained of, there being no testimony whatsoever of the existence of anything that could be a new and independent cause of the collision, or an intervening cause; in other words, under the undisputed evidence, the collision complained of was either an unavoidable accident or was due to the negligence of the defendant, or the negligence of the plaintiff, or to the concurring negligence of each of them. * * *

"The trial-court having thus specifically instructed the jury in connection with and immediately following special-issue No. 26, which inquired whether or not the collision was the result of an unavoidable accident, that 'by the term "unavoidable accident" as used above is meant the unforeseen and unanticipated happening of an event, occurring without either the plaintiff or the driver of defendants' truck being guilty of negligence in the doing or permitting to be done or omitting to do anything that proximately caused the collision,' and there being no testimony whatsoever as to any new or intervening cause, nor any that the collision was caused by anything other than negligence, either on the part of the plaintiff, or the driver of defendant's truck, or unavoidable accident, and it being the established law that a jury's answers to issues submitted to them must be considered as a whole, and that there is no priority of any kind in the findings of the jury to such issues, the answers of this jury to the special-issues submitted to them, that the defendant's driver was not guilty of any negligence causing the collision and that the plaintiff was not guilty of any negligence causing the collision, yet the collision was not the result of an unavoidable accident, as such term had been defined to them by the court, was in hopeless and irreconcilable conflict, and required that the trial court set such verdict aside and declare a mistrial, which it did. 41 Texas Jurisprudence, p. 1226, § 361; Ford Rent Co. v. Hughes (Tex.Civ.App.) 90 S.W.(2d) 290; First Nat. Bank of Amarillo v. Rush (Tex. Com.App.) 246 S.W. 349; Mayo v. Ft. Worth & D. C. Ry. Co. (Tex.Civ.App.) 234 S.W. 937; English v. Terry (Tex.Civ.App.) 85 S.W.(2d) 1063; Whitson v. Nichols (Tex.Civ.App.) 299 S.W. 911; Id. (Tex. Com.App.) 12 S.W.(2d) 556, 557; Texas Electric Ry. Co. v. Burt (Tex.Civ.App.) 272 S.W. 255; Lighthall v. Wilson (Tex.Civ. App.) 15 S.W.(2d) 690; Autrey v. Nelson Mfg. Co. (Tex.Civ.App.) 26 S.W.(2d) 298; Gulf States Utilities Co. v. Grubbs (Tex. Civ.App.) 44 S.W.(2d) 1001; Texas Interurban Ry. Co. v. Hughes (Tex.Com.App.) 53 S.W.(2d) 448; St. Louis, B. & M. Ry. Co. v. Huff (Tex.Civ.App.) 66 S.W.(2d) 373; Pageway Coaches v. Bransford (Tex. Civ.App.) 71 S.W.(2d) 561; Mays v. Smith (Tex.Civ.App.) 95 S.W.(2d) 1342; Perez v. Houston & T. C. Ry. Co. (Tex.Civ.App.) 5 S.W.(2d) 782."

It may not be amiss to add to this discriminating exegesis, not only that none of the facts therein stated are controverted, but further that, upon the basis of them, both sides cite and rely upon Whitson v. Nichols (Tex.Civ.App.) 299 S.W. 911, and Id. (Tex.Com.App.) 12 S.W.(2d) 556, as upholding their opposing contentions; this court regards the decisions in that cause—both here and in the Supreme Court—as well also as that in English v. Terry (Tex. Civ.App.) 85 S.W.(2d) 1063, supra, as decisive of this controversy in Respondents' favor, on principles of law that are common to the three, despite varying states of fact; in other words, the sui generis factual condition requiring the holding of a conflict to exist in this instance is the utter absence here of any new or independent cause, on the one hand, and the presence under the explanatory instruction, on the other, of the necessarily implied finding from the negation of an "unavoidable accident," that one or the other of these participants nevertheless was negligent.

**Writ of mandamus refused.**