**SOUTHWESTERN BELL TELEPHONE COMPANY, Appellant,**

v.

**Robert S. CALVERT, Comptroller of Public Accounts of the State of Texas, et al., Appellees.**

**No. 11917.**

Court of Civil Appeals of Texas, Austin.

April 19, 1972.

Rehearing Denied May 3, 1972.

Ford W. Hall, J. H. Hand, Dallas, Fulbright, Crooker & Jaworski, C. W. Wellen, Charles N. Warren, Houston, for appellant.

Crawford C. Martin, Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., John R. Grace, J. H. Broadhurst, Gordon C. Cass, Asst. Attys. Gen., Austin, for appellees.

SHANNON, Justice.

This appeal concerns the construction of Tex. Tax.-Gen.Ann. art. 11.06, Title 122A, V.A.T.S. The question is whether rental payments paid to the telephone company by those who use the telephone poles are taxable as gross receipts of the telephone company.

Appellant, Southwestern Bell Telephone Company, sued appellees, Robert S. Calvert, Jesse James, and Crawford Martin, to recover $76,350.23 for taxes, penalty, and interest paid under protest. Appellees in their first amended original answer filed a counterclaim for the amount which they claimed appellant owed. Upon trial to the court, judgment was entered for appellees for $174,251.05, and appellant was denied all relief. We will affirm that judgment.

Since telephone service requires the connection of lines and wires, appellant regularly uses the familiar wooden "telephone" poles. Wooden poles are also used by the electric utility and cable television business to carry their wires. Appellant often permits these businesses to string their wires on its poles. Cable television companies usually own no poles while electric utility companies do. Frequently, the electric companies by agreement permit appellant to attach its wires to their poles.

In their pole use agreements appellant and the electric companies provide for payment of a rental when use by one is more than the other's. In accounting for the rentals to be received and paid under the agreements for the joint use of the poles, appellant uses two accounts. In one account, a revenue account, there is entered a gross dollar figure computed by multiplying the rental rate by the number of appellant's poles used by an electric company. In the other, an expense account, there is entered a gross dollar figure computed by multiplying the agreed rental by the number of poles of an electric company used by appellant. Appellant receives payment from an electric company only when the amount entered in appellant's revenue account for such an electric company exceeds the amount entered in appellant's expense account for such electric company.

Appellant attacks the judgment by two points of error, the first being the court erred in holding that appellant's receipts from the rental of its poles to electric companies and others are subject to Art. 11.06, while the second point is that assuming the court was correct in holding that pole rentals are subject to the tax, the court erred in holding that the tax imposed by Art. 11.06 applies to charges in excess of amounts actually received from the electric companies.

The pertinent portions of Art. 11.06 follow:

"(1) Each . . . corporation . . owning, operating, managing, or controlling any telephone line or lines, or any telephones within this State . . . shall make quarterly, . . . a report to the Comptroller, . . . showing the gross amount received from all business within this State during the preceding quarter in the payment of charges for . the use of its line or lines, telephone and telephones, and *from the lease or use of any* wires or *equipment* within this State during said quarter. Said . . . corporations . . . shall pay . . . , and there is hereby levied upon said . . . corporations . . . , an occupation tax . . ." (Emphasis added)

The court filed findings of fact and conclusions of law and found that appellant's poles when used for the support of telephone wires are telephone equipment, and that such poles are an integral part of telephone lines. The court concluded further that appellant's charges for the use of its telephone poles by electric companies and cable television companies are gross receipts from the lease or use of its equipment within the State under Art. 11.06. The court concluded, finally, that appellant is not authorized to deduct from its charges for the use of its poles by electric companies any sum occasioned by the use of similar poles by the telephone company belonging to the electric company.

■ The familiar maxim which governs the consideration of this case, namely, in those instances wherein the language of the statute clearly expresses the intent of the Legislature, the courts may not give a construction defeating that intent, has long been a part of the jurisprudence of this State. Thompson v. Buckley, 1 Tex. 33 (1846).

Appellant's contention is that Article 11.06 is an occupation tax levied on the "business of furnishing telephone services." [1] Appellant then reasons that renting its poles to electric companies is not a part of the "business of furnishing telephone services," and hence those rentals are not taxable.

■ To accept appellant's contention is to ignore the plain language of Article 11.06, which states that the tax is levied upon the receipts of a telephone company arising from the lease or use of any of its wires or "equipment." The finding of the trial court was that appellant's poles are equipment, and we hold that those receipts so derived are taxable under Article 11.06 as receipts "from the lease or use of . . . equipment."

Appellant received rental payment from an electric company only when the electric company's use of appellant's poles exceeded appellant's use of the electric company's poles. Should appellant's use and the electric company's use be equal, appellant would receive no payments.

Appellant by its second point claims that should Article 11.06 be applicable to pole rentals, then only that amount of rentals actually received by it is taxable. Contrarily, appellees contend that the total amount of rentals, before any deduction is made for use of the electric company's poles, is taxable.

1. Wilson Communications, Inc. v. Calvert, 450 S.W.2d 842 (Tex.1970) does not support appellant's argument. The question in that case was whether Wilson Communications, Inc. a business offering radio services, was a telephone company, and hence its gross receipts taxable under Art. 11.06. Appellant derives comfort from the statement, "Viewing the tax statutes broadly, it appears that the legislature intended to tax the gross receipts from telephone services but was silent about a similar tax upon radio services." The holding in that case was that Art. 11.06 does not speak of communications generally and that the gross receipts of Wilson Communications, Inc. were not taxable under Art. 11.06 since it did not offer telephone services, but rather radio services.

Article 11.06 levies a tax on the *gross receipts* of appellant. We hold that the entire amount of rentals due from the electric company's use of appellant's poles constitute a part of appellant's gross receipts. The credit given the electric companies for the use of their poles is the same as any other of appellant's expenses of operation. Although appellant, by its trade-out system, did not receive in cash all of the rentals, it did receive the equivalent value by the use of the electric company's poles.

The judgment is affirmed.

Affirmed.