## BROWN v. DALLAS GAS CO.
### No. 1120.

Court of Civil Appeals of Texas. Waco.

Oct. 8, 1931.

Rehearing Denied Nov. 5, 1931.

Coombes & Coombes, and White & Yarborough, all of Dallas, for appellant.

Harry P. Lawther, Wm. M. Cramer, and Shelby S. Cox, all of Dallas, for appellee.

ALEXANDER, J.

This was an action by Joe Brown against the Dallas Gas Company for damages for injuries sustained to his person and to his automobile in an automobile collision at a street intersection in the city of Dallas. The jury, in answer to special issues, found for the defendant. The plaintiff appealed.

The jury, under appropriate instructions, found that, on the occasion of the collision, the driver of defendant's car failed to apply his brakes, but that this was not negligence on his part. It also found that the driver of defendant's car did not fail to sound a warning of the approach of his car, that said driver had the car under control and did not approach the street intersection at an excessive rate of speed, and that he did not attempt to drive in front of the plaintiff. The jury also found that the plaintiff was not guilty of any act of negligence that contributed to or brought about the injury, and that both of the cars entered the street intersection where the accident occurred at the same time. The jury found that the plaintiff had not received any personal injuries as the result of the collision, but that his automobile had been damaged in the sum of $35.

The appellant complains of various alleged errors in the court's charge, but all of such errors relate to the issues submitting plaintiff's contributory ngeligence and not to the issues submitting the defendant's negligence. Since the jury acquitted both parties of all acts of negligence approximately causing the injury, the errors, if any, in the manner of submitting plaintiff's contributory negligence, becomes immaterial. West Texas Coaches, Inc. v. Madi (Tex. Com. App.) 26 S.W.(2d) 199; Bryan v. Sinclair Oil & Gas Co. (Tex. Civ. App.) 1 S.W.(2d) 917; Leal v. Leal (Tex. Com. App.) 14 S.W.(2d) 797; Lumbermen's Reciprocal Ass'n v. Wilmoth (Tex. Com. App.) 12 S.W.(2d) 972. There was nothing suggestive or inflammatory in the manner of the submission of the issues with reference to plaintiff's negligence, and it will not be presumed that the erroneous manner, if any, in which they were submitted, in any wise influenced the jury in its answer to the issues with reference to the defendant's negligence. Blumrosen v. Burke (Tex. Civ. App.) 37 S.W.(2d) 1070, par. 7.

The only other proposition presented in appellant's brief, is that the verdict of the jury was insufficient on which to base a judgment, in that the jury failed to answer all of the issues submitted. This proposition is not followed by a proper statement pointing out the particular defects in the verdict, and we are therefore not required to consider same. Revised Statutes, art. 1757, as amended Acts 1931, 42d 'Leg., c. 45, p. 68, § 1 (Vernon's Ann. Civ. St. art. 1757); Court of Civil Appeals Rule 31. However, if we should consider the proposition, it is without merit. The only assignment of error pointing out any specific defect in the verdict, is that found in assignment No. 13 wherein the appellant asserts that the verdict is insufficient because the jury did not answer an issue submitted to them as to whether or not plaintiff's injuries were due to an unavoidable accident. In view of the answers of the jury to the other issues as heretofore set out, this issue became immaterial, and it was not error for the trial court to accept the verdict of the jury with-

out an answer to that issue. Brokaw v. Collett (Tex. Com. App.) 1 S.W.(2d) 1090; Silvers v. Payne (Tex. Civ. App.) 282 S. W. 876, par. 3; Guaranty State Bank v. Shirey (Tex. Civ. App.) 258 S. W. 1109, par. 9.

The judgment of the trial court is affirmed.