## RIPLEY v. DOZIER CONSTRUCTION CO.
### No. 7668.

Court of Civil Appeals of Texas. Austin. Dec. 23, 1931.

Rehearing Denied Jan. 13, 1932.

Runge & Runge, of Mason, and Harris & Harris, of Austin, for appellant.

White, Taylor, & Gardner, of Austin, for appellee.

McCLENDON, C. J.:

Appeal from a judgment in favor of defendant (appellee) upon a special issue verdict in a suit for compensatory damages for personal injuries and property damage sustained by plaintiff (appellant) as the result of an automobile wreck, alleged to have been caused by negligence of defendant in leaving unguarded a culvert in the public highway.

The sole question presented by the appeal is whether the verdict supports the judgment. Nine special issues were submitted to the jury; the first eight tendering primary negligence on defendant's part; and two separate grounds of contributory negligence on plaintiff's part. The ninth was on the measure of damages, and will not be further noted.

The jury reported they were unable to agree, were sent back for further deliberation, and again reported they were unable to agree; whereupon, to quote from appellant's brief: "Before the jury reached the court room, counsel for both plaintiff and defendant approached the court and suggested to the court that if the jury had not reached a verdict, that the court ascertain if the jury had been able to agree upon the answers to any of the special issues submitted, and that if the jury should report that it had been able to agree upon any but not all of said special issues, that the court instruct them to return to the jury room and write their answers to such issues as they were able to agree upon and after having written answers to all of such issues as they were able to agree upon, to have same signed by one of their number as foreman and return same into court, and that the court should examine the answers to such special issues as the jury had answered and if in his opinion the answers of the jury to such special issues were sufficient to render

judgment thereon, that the court should receive such verdict, consisting of the answers to such special issues as the jury had been able to agree upon, and render judgment thereon. The court on the making of this suggestion by counsel for both parties, stated that he was willing to do so with the understanding that such verdict should not be considered as an agreed verdict and that neither side would be bound to accept the same as an agreed verdict, but that either party might object and except to said verdict in the same manner as if all special issues had been answered."

The first eight special issues and the jury's answers follow:

"1. Did the defendant, its agents, servants and employees on the night of June 21, 1929, fail to place and maintain a barricade, light or other warning in the vicinity of the culvert where it is alleged the injury to plaintiff occurred, and far enough north of said culvert so that a person driving an automobile from the direction of Mason toward said culvert, while using ordinary care in driving said automobile and keeping a proper lookout for his own safety, could have seen such barricade, light or other warning, if same had been so placed and maintained, in time to have avoided striking said culvert with his automobile? Unanswered.

"2. Did such failure (if any) to so place and maintain such barricade, light or other warning constitute negligence on the part of the defendant, its agents, servants and employees, according to the definition of negligence given you in this Charge? Unanswered.

"3. Was such negligence (if any) the proximate cause (as that term has been explained to you) of the injuries sustained by plaintiff to his person, his automobile, and his suitcase? Unanswered.

"4. Was the plaintiff, Dan H. Ripley, using ordinary care and keeping a proper lookout for his own safety while driving his automobile along the highway from the direction of Mason to said culvert where it is alleged the accident occurred? Answer: No.

"5. Did the failure (if any) of the plaintiff to use ordinary care and keep a proper lookout for his own safety while driving his automobile along said highway at said time constitute contributory negligence on the part of plaintiff, as that term is defined in this charge? Answer: Yes.

"6. Did such contributory negligence (if any) directly and proximately cause and contribute to the injuries if any sustained by plaintiff to his person, his automobile and suitcase? Answer: Yes.

"7. Was the plaintiff, Dan H. Ripley, under the influence of intoxicating liquor to any degree while driving his automobile along said highway from the direction of Mason to the place where the accident is alleged to have occurred? Answer: Yes.

"8. Did the fact that plaintiff was under the influence of intoxicating liquor to any degree, if you have found such to be a fact, directly and proximately cause and contribute to the injuries sustained by plaintiff to his person, his automobile and suitcase? Unanswered."

The court gave the following definition: "By the term 'contributory negligence,' as used in this Charge, is meant such act or omission (if any) on the part of the plaintiff, Dan H. Ripley, amounting to a want of ordinary care and prudence and which, co-operating or concurring with some negligent act or omission (if any) on the part of the defendant, Dozier Construction Company, or its agents, servants or employes, was the direct and proximate cause or occasion of the injuries (if any) sustained by the said Dan H. Ripley, both as to his person and to his automobile and property therein."

[██] Appellant presents five propositions, but they may all be reduced to one contention to the effect that contributory negligence cannot exist in the absence of primary negligence, and, since the jury failed to agree upon and left unanswered the issues submitting primary negligence, there was no basis for the finding of contributory negligence in the answers to special issues 4, 5, and 6.

Technically speaking, this contention is correct. However, negligence on plaintiff's part which was a proximate cause of the injury would constitute a complete bar to recovery, regardless of the existence vel non of primary actionable negligence. It would be immaterial which way the jury answered the issues submitting primary negligence. Had the answer been "No," plaintiff must necessarily fail, regardless of the finding on his own negligence. Had the answer been "Yes," he must likewise fail because of his own negligence. The jury having disagreed upon primary negligence, it follows that some must have held for an affirmative and others for a negative answer. If a unanimous answer either way could not, in view of other answers, have affected the result, then we are unable to see how the failure to answer could have any bearing on the case.

The findings of the jury are expressly to the effect (4) That plaintiff failed to use ordinary care for his own safety, as regards keeping a lookout, (5) that such failure was negligence (6) which directly and proximately caused and contributed to his injuries. Upon these issues all the jury agreed. It is wholly immaterial whether such negligence was the sole cause, or merely one of two or more causes, each of which proximately contributed to the injury. That it existed and was a proximate cause is clearly found.

We are not dealing with a necessarily joint act in which the part played by each is essen-

tial to the existence of a single whole, but with two separate and distinct acts the existence of one of which, with or without the concurrence of the other, establishes the existence of the whole. In such case, the only essential is a finding of the existence of the independent act. Its designation as concurrent or contributory is immaterial and may be disregarded as surplusage.

Sellers v. Ry. (Tex. Civ. App.) 208 S. W. 397 (error refused) supports our holding.

The trial court's judgment is affirmed.

Affirmed.

### On Motion for Rehearing.

Appellant in his motion urges for the first time fundamental error upon the ground that appellee's pleading does not raise the issue of appellant's negligence in not keeping a proper lookout for his own safety.

We quote the pleading in full:

"For further answer herein defendant says that plaintiff did not use or exercise ordinary care for his own protection but carelessly and negligently drove along said highway at a negligent rate of speed without keeping a proper lookout; that said barricade mentioned in plaintiff's petition was plainly visible, and if plaintiff had been keeping a proper lookout and using ordinary care in driving along said highway, he could and would have seen said barricade in time to make the detour mentioned in plaintiff's petition, and could have avoided said accident.

"The defendant says that the plaintiff was driving along said highway with a companion named Oscar Pate, and that both the plaintiff and the said Oscar Pate were under the influence of intoxicating liquors, and were not driving in a careful manner and were not keeping a proper lookout, and that in so driving on said highway the plaintiff was guilty of negligence which directly and proximately caused and contributed to his injuries.

"Wherefore, defendant says that if plaintiff suffered the damage and injuries complained of by him, such damage and injuries were directly and proximately caused and contributed to by the aforesaid negligence of the plaintiff, all of which the defendant stands ready to verify, and prays that it be discharged with its costs."

The points which appellant makes in this regard, as we gather them from the motion, are:

(1) The pleading is a unit asserting but a single ground of contributory negligence, and the failure to keep a proper lookout, and intoxication, cannot be segregated as separate independent defenses.

(2) That "negligent rate of speed" is inseparably connected with "without keeping a proper lookout," and the latter alone was not sufficient, under the pleading, as a defense to the suit.

(3) The pleading does not allege that the negligent failure to keep a proper lookout proximately caused or contributed to the injury.

■ Appellant did not except to the pleading, and made no objection either to the submission of the issues or to the manner and form in which they were submitted. He must therefore be deemed to have acquiesced in the construction which the court, in the issues submitted, placed upon the pleading.

■ It was not necessary for appellee to prove every act of contributory negligence in order to maintain his defense. Failure to keep a proper lookout was alone sufficient, if the failure was negligence and a proximate cause of the injury; all of which the jury found. The last paragraph of the pleading specifically alleged that appellee's "injuries were directly and proximately caused and contributed to by the aforesaid negligence of the plaintiff." The trial court manifestly construed this allegation to relate to every preceding allegation of negligence, including the failure to keep a proper lookout. The pleading is fairly susceptible of that construction, and appellant is not in position at this stage of the proceeding to question it.

■ Appellant also urges for the first time that special issue No. 6 is duplicitous, in that it submits "direct and proximate cause" and "contributing proximate cause." We agree with appellant that the special issue submits both of these issues, if, in fact, they are two separate issues. The language is "directly and proximately cause and contribute." Thus, it will be observed, they were submitted conjunctively, and, if two separate issues, the jury found affirmatively upon each. This finding accords with appellee's pleading that the negligence "directly and proximately caused and contributed" to the injury. We do not think the special issue is duplicitous. What it in fact submits is whether the found negligent act was a proximate cause of the injury. Whether it was an independent cause, or only one of two or more contributing causes, is unimportant. But whether or not duplicitous, it does submit "direct and proximate cause." With this contention of appellant we agree. However, if it were duplicitous, that fact would not vitiate it as a basis for the court's judgment; the additional finding that it was a "contributing proximate cause" being surplusage, and therefore to be discarded, and it could not be attacked for the first time on appeal on that ground. Appellant should have objected to it before it was submitted to the jury.

The motion is overruled.

**Overruled.**