A. W. BLANTON V. E. & L. TRANSPORT COMPANY ET AL.

No. A-1362. Decided January 7, 1948.
Rehearing overruled February 4, 1948.
(207 S. W., 2d Series, 368.)

*John W. West* and *W. H. Hall,* both of Dallas, and *Jack Nossaman* and *O. H. Woodrow,* both of Sherman, for petitioner.

*Leachman, Matthews & Gardere, Henry D. Atkin,* all of Dallas, for respondent.

Mr. Justice Brewster delivered the opinion of the Court.

This is a suit for damages for personal injuries brought by Blanton, petitioner, against E. & L. Transport Co. and Sam & Ed Auto & Truck Parts, Inc., respondents.

A wrecker-truck, with which Sam & Ed Auto & Truck Parts, Inc., was towing an automobile, was parked on the west side of the highway, headed south. A truck with trailer attached, belonging to E. & L. Transport Co. and going south, had just pulled around the wrecker-truck when it collided with Blanton's northbound automobile, injuring Blanton.

The case was submitted to the jury by 83 special issues. In response to special issues 82 and 83, the jury found that, as to both defendants, the collision was the result of an unavoidable accident. Otherwise, it answered only eight issues, and those answers were incomplete and wholly indecisive of the questions of primary negligence and contributory negligence.

In that situation and after one report that it was hopelessly deadlocked on the very first issue, the jury was discharged on the third day of its deliberations. The trial court then overruled Blanton's motion for a mistrial and granted respondents'

motion for judgment on the findings of unavoidable accident, which judgment was affirmed by the court of civil appeals. 203 S. W. (2d) 312.

Did the finding of unavoidable accident foreclose Blanton's right to a verdict on his issues of primary negeligence?

■ While that precise question has never been determined by this court, we think it is settled by the court's express approval of the opinion in Greer v. Thaman et al (Com. App.), 55 S. W. (2d) 519. In that case the jury's findings on issues of primary negligence, standing alone, warranted a judgment for the plaintiff. However, both by general denial and special plea, the defendant pleaded unavoidable accident. Believing that the issue was not raised by the evidence, the trial court refused to submit it to the jury; and that view was sustained by the court of civil appeals. In response to the argument that the finding of primary negligence on the part of Greer precluded any finding of unavoidable accident, this court said: "Notwithstanding such finding, however, we think the evidence also raised the issue of unavoidable accident. This being true, Greer was entitled to have such issue directly submitted to the jury for a finding. Of course, if Greer and his driver were guilty of negligence which proximately caused Mrs. Thames' injuries, and she was not guilty of contributory negligence, her injuries could not have been the result of an unavoidable accident; but Greer had the right to demand the direct submission of his defense as raised by the evidence according to the state thereof before, and not after, it was interpreted by the jury. In other words, in order to accord each party a fair trial, our rules require that the theories of each party be directly submitted where raised by the evidence, and this right cannot be lost or defeated by jury findings on other issues, which, in effect, indirectly negative a favorable finding on an issue not submitted, but raised by the evidence."

Under parallel facts this court approved the same holding in Dallas Railway & Terminal Co. v. Garrison (Com. App.), 45 S. W. (2d) 183, and in Colorado & Southern Ry. Co. v. Rowe (Com. App.), 238 S. W. 908.

■ If a fair trial requires the submission of all issues raised by the testimony although a finding on some may negative a favorable finding on others, it necessarily follows that a finding on some of the submitted issues does not defeat a litigant's right to have other submitted issues answered, merely because

such answers may be conflicting. Otherwise, the verdict would not comprehend "the whole or all the issues submitted," as required by Rule 290, T. R. C. P.

There is nothing contrary to our present holding in cases like Brown v. Dallas Gas Co. (Civ. App.), 42 S. W. (2d) 869 (er. ref.), and Ripley v. Dozier Construction Co. (Civ. App.), 45 S. W. (2d) 661. In the former case the jury's answers acquitted both plaintiff and defendant of any negligent act, so it was ·properly held immaterial that the issue on unavoidable accident was not answered. In the latter case the jury found that certain acts of the plaintiff constituted contributory negligence which proximately caused and contributed to cause his injuries, therefore it could make no difference what the jury might have found on the unanswered issues submitting primary negligence. In both those cases *the winning party was entitled to judgment no matter what the jury may have said in response to the unanswered issues*. But that is not true in this case. Although the jury did find unavoidable accident, respondents would not have been entitled to judgment had the jury found primary negligence issues against them.

█ It is no answer to say that it will be presumed that the jury would have answered the issues on primary negligence so as not to conflict with its answers to those submitting unavoidable accident. The record affirmatively shows that the jury could not agree on any answers to the issues on primary negligence after more than two days' deliberation and that it reported to the court on the first day that it was hopelessly deadlocked on the very first issue. Certainly no presumption can be indulged as to what a jury's finding would have been, when it definitely appears that it could make no finding whatever. The correct solution of that was to grant Blanton's motion for a mistrial. See Dato v. Armstrong & Co. (Com. App.), 260 S. W. 1024. Any contrary holding in Levine v. Robertson et al, 154 S. W. (2d) 911, a court of civil appeals case which never reached this court, is overruled.

We agree with the court of civil appeals that the testimony as reviewed in its opinion raised the issue of unavoidable accident.

Both judgments below are reversed and the cause is remanded to the district court for a new trial.

Opinion delivered January 7, 1948.

Rehearing overruled February 4, 1948.