John HERRERA, Individually and as Next Friend of Amalia Herrera, Appellant,

v.

William ZINBERG et al., Appellees.

No. 12948.

Court of Civil Appeals of Texas. San Antonio.

Feb. 15, 1956.

Rehearing Denied March 14, 1956.

Peter Briola, Antonio, for appellant.

Moursund, Ball, Bergstrom & Barrow, San Antonio, for appellee.

POPE, Justice.

John Herrera, individually, and as next friend of his daughter, Amalia Herrera, sued William and Sidney Zinberg, d/b/a Zinberg Furniture Company, for personal injuries. Amalia is a child of tender years. The trial court granted judgment for the defendants on a jury verdict and plaintiff has appealed upon the grounds that the verdict contained conflicting answers.

Plaintiff alleged that Amalia was standing on the porch of her aunt's home when the defendants' employee backed a truck upon the pedestrian sidewalk leading to the home and struck the child who was standing on the steps of the front porch to the home. Plaintiff asserted several grounds of negligence, including the driver's failure to keep a proper lookout, the failure to use his brakes, the failure to equip the truck with a rear-view mirror, and the failure to stop when he knew, or should have known, he was backing over a pedestrian walk. However, without further request or objection, the court submitted the sole negligence inquiry about failure to keep a proper lookout. The first issue inquired whether

the defendants' truck "struck Plaintiff, Amalia Herrera, while she was standing on the steps at 148 Guadalupe Street * * *". The jury answered the issue in the negative.

■ The jury, in answer to that first issue, found that the incident complained about did not occur at all. The subsidiary issues of negligence for failure to keep a lookout and proximate cause, being conditionally submitted, should not have been reached by the jury. The jury, however, proceeded to answer the lookout issue in favor of defendants, finding that the driver did not fail to keep a proper lookout. Being conditionally submitted, and the jury having already found that the truck did not strike the child, we disregard the finding on negligence. Alpine Telephone Corporation v. McCall, 143 Tex. 335, 184 S.W.2d 830; Collins v. Brown, Tex.Civ.App., 279 S.W.2d 627. Hence, there is not a single answer in the verdict which would support a judgment for the plaintiff. That fact defeats any claim for a reversal by reason of conflicting answers. Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985, 991; Blanton v. E. & L. Transport Co., 146 Tex. 377, 207 S.W.2d 368; Pearson v. Doherty, 143 Tex. 64, 70, 183 S.W.2d 453, 456; Howard v. Howard, Tex.Civ.App., 102 S.W.2d 473, 475; Brown v. Dallas Gas Co., Tex.Civ.App., 42 S.W.2d 869.

■ By way of defense and contributory negligence, an issue was submitted inquiring whether the child's aunt, who had her care, was negligent in her supervision. The jury answered that issue negatively. The jury's answer to the unavoidable accident issue is the basis for the claim of a conflict. The jury found that the accident to the child was not an unavoidable one. The court defined that term as "an accident which is not proximately caused by the negligence of either the plaintiffs or the defendants." The reasoning of the plaintiff on appeal is that the jury, by its answers to special issues, has charged neither the plaintiff nor the defendants with negligence and yet has found that the accident was not unavoidable, which means that one or the other must have been negligent.

We find no conflict and affirm the judgment. The case is similar to the situation we discussed in the majority and concurring opinions in Smith v. Morgan, Tex.Civ. App., 235 S.W.2d 938. This case, perhaps better than Smith v. Morgan, illustrates why no conflict exists. Plaintiff, out of a total situation, selected an exact, narrow and limited theory. Plaintiff excluded all other theories. The defendants, in a sense, did the same thing. The jury then found that the defendants did not do that special thing about which the plaintiff complained, and also that the plaintiff was not guilty of the contributory negligence about which the defendants complained.

The definition of unavoidable accident is broad. It embraces all and every negligence of both plaintiff and defendants and nowhere limits the negligence and proximate cause to those things specially inquired about in the charge. The inquiry about unavoidable accident, as defined, turned the jury completely loose to determine from all the evidence and the total situation, whether the plaintiff or the defendants or both or neither did or omitted to do anything amounting to negligence. The jury were not restricted to the acts and omissions submitted in earlier special issues, and, if they were, there was nothing in the charge telling them they were. The charge was submitted in the usual manner and the definitions were approved definitions.

We may illustrate. Assume some evidence shows a driver proceeds over a highway ninety miles an hour at night, fails to apply his brakes and collides with another vehicle. Assume that a single negligence issue is submitted to determine whether the driver was on the left or wrong side of the road, and the jury determines on that issue that the driver was on the right side of the road. Because a jury finds, with reference to that issue, in favor of the driver, it does not inevitably follow that a jury, to be consistent, must decide that the driver was guilty of no fault at all. The jury very consistently may determine that the driver was blameless on the special issue sub-

mitted but blameworthy on other features of the case about which they were as effectively asked a question by the unavoidable accident issue.

The present suit is one of a limited inquiry, upon which the jury found neither party guilty of fault as inquired about. The unavoidable accident issue was couched about with no limiting inquiry, and the jury found by its answer that somebody was at fault. A finding of non-negligence or non-occurrence of a fact, on one thing, does not exclude the fact of negligence concerning things not specially inquired about. That situation is different from one wherein a jury first finds negligence concerning a matter specially inquired about, and also finds non-negligence in answer to the general or unavoidable accident issue. Blanton v. E. & L. Transport Co., 146 Tex. 377, 207 S.W.2d 368. The lesser fact does not include the whole, but the whole includes the lesser.

█ Plaintiff also insists that there is a conflict between answers which found (1) that defendants' driver did not strike the child while standing on the steps, (2) that the child did not fall from the porch, and (3) that the accident was not an unavoidable accident. Plaintiff is in no position to complain of a conflict between the three issues relied upon, since the answer to no one of them or any other part of the verdict would entitle him to a judgment. "To apply this test, the court must consider each of the answers claimed to be in conflict, disregarding the alleged conflicting answer but taking into consideration all of the rest of the verdict, and if, so considered, one of the answers would require a judgment in favor of the plaintiff and the other would require a judgment in favor of the defendant, then the answers are fatally in conflict. It is essential that the party seeking to set aside a verdict on the ground of conflict must be able to point out that one of the conflicting answers of the jury, in connection with the rest of the verdict except the issue with which it conflicts, necessarily requires the entry of a judgment different from that

which the court has entered." Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985, 991.

We have considered appellant's other points but find them without merit.

The judgment is affirmed.