**Buckley A. MAYNARD, Appellant,**

v.

**DALLAS RAILWAY & TERMINAL COMPANY, Appellee.**

No. 3243.

Court of Civil Appeals of Texas.

Eastland.

May 11, 1956.

Rehearing Denied June 15, 1956.

Carter, Gallagher, Roberts, Jones & Magee, Dallas, for appellant.

Burford, Ryburn, Hincks & Ford, Dallas, for appellee.

GRISSOM, Chief Justice.

Maynard sued the railway company for damages sustained by his wife in a collision with defendant's bus. Mrs. Maynard had

ridden the bus north on Harwood Street and alighted at the intersection of Harwood and Ross Avenue preparatory to walking across Ross to its north side when the operator turned the bus to the right and drove partially across the walk which crosses Ross Avenue on Harwood Street when Mrs. Maynard either ran into the bus or the bus struck her. Plaintiff alleged defendant was guilty of the following acts of negligence and that each was a proximate cause of Mrs. Maynard's injury: failing to keep a proper lookout; failing to have the bus under control; failing to apply the brakes; failing to timely apply the brakes; failing to yield the right of way and failing to sound the horn. Failure "to have the bus under control", as such, was not submitted but all other acts of negligence alleged were directly submitted. The jury failed to find defendant was guilty of any of the acts of negligence submitted. The jury found (5) that Mrs. Maynard was proceeding on the cross walk north across Ross on a green light. The jury failed to find from a preponderance of the evidence either (6) that defendant's bus operator failed to yield the right of way to Mrs. Maynard or (11) that the failure of Mrs. Maynard "to stop after she stepped from the curb and before the impact was a failure to exercise ordinary care." In answer to issue seventeen the jury failed to find from a preponderance of the evidence that the accident was "not unavoidable." Unavoidable accident was defined as an event that happens without being proximately caused "by the negligence of any party to it." Judgment was rendered on the verdict for defendant. Plaintiff has appealed.

Plaintiff's points are that the court erred in (1) overruling plaintiff's motion for a new trial, (2) rendering judgment for defendant and (3) submitting the issue of unavoidable accident because (a) the evidence is insufficient to support the jury's answer and (b) there is no evidence to support said answer and (c) the evidence was insufficient to warrant submission of the issue of unavoidable accident. Plaintiff's fourth point is that the court erred in overruling his motion for a new trial and in rendering

judgment for defendant because the evidence required a finding that the accident was avoidable and, further, that a finding that the collision was not avoidable would have been in irreconcilable conflict with the findings that neither plaintiff nor defendant was guilty of negligence proximately causing the collision.

Plaintiff did not except to the submission of the issue of unavoidable accident. However, we think it is immaterial how the jury answered that issue because plaintiff failed to prove by a preponderance of the evidence, as he was required to do in order to recover, that defendant was guilty of any act of negligence submitted. Plaintiff does not complain that the submission of unavoidable accident affected the answers to the issues on primary negligence. No complaint is made that by submission of unavoidable accident, or the manner in which it was submitted, plaintiff was prevented from obtaining a favorable finding on the primary negligence issues. Plaintiff complains of the failure to find the accident was avoidable. He says there would have been an irreconcilable conflict requiring a mistrial in a finding that it was an avoidable accident and findings that neither plaintiff nor defendant was guilty of any act of negligence submitted, which proximately caused the collision.

In Blanton v. E. & L. Transport Co., 146 Tex. 377, 207 S.W.2d 368, 369, our Supreme Court approved the holding in Brown v. Dallas Gas Co., Tex.Civ.App., 42 S.W.2d 869 (Writ. Ref.), that where the jury acquitted both plaintiff and defendant of negligence it was immaterial that the issue of unavoidable accident was not answered. Judge Brewster said in referring to that case and Ripley v. Dozier Construction Co., Tex.Civ.App., 45 S.W.2d 661, "In both those cases the winning party was entitled to judgment no matter what the jury may have said in response to the unanswered issues." We think the questions presented by appellant's first four points must be overruled because the jury acquitted defendant of all acts of negligence submitted or requested by plaintiff. Plaintiff could not recover because the jury answered all

issues as to defendant's primary negligence against him. Regardless of what the finding might have been on the issue of unavoidable accident plaintiff could not recover. We do not believe that Bishkin v. Campbell, Tex.Civ.App., 107 S.W.2d 919, relied on by appellant, requires a contrary holding. In Adkins v. Texas & P. Ry. Co., Tex.Civ.App., 233 S.W.2d 956, 958 (Writ Ref.), a jury found the defendant was not guilty of the only negligence submitted; that plaintiff was not negligent and that plaintiff's injuries were the result of an unavoidable accident. The court held that "the unavoidable accident issue, or any alleged error with respect thereto, becomes immaterial", citing Brown v. Dallas Gas Co., Tex.Civ.App., 42 S.W.2d 869 (Writ Ref.). The Supreme Court refused a writ of error. See also Smith v. Morgan, Tex. Civ.App., 235 S.W.2d 938, 940 (Writ Dis.); Price v. Leon, Tex.Civ.App., 202 S.W.2d 309, 311 (RNRE); Farmer v. Denton, Tex. Civ.App., 231 S.W.2d 908, 910; Kindy v. Willingham, Tex.Civ.App., 205 S.W.2d 435, 437, reversed on other grounds, 146 Tex. 548, 209 S.W.2d 585; Colls v. Price's Creameries, Tex.Civ.App., 244 S.W.2d 900 (RNRE) and Grady v. Dallas Railway & Terminal Company, Tex.Civ.App., 278 S.W. 2d 282 (RNRE).

In Pearson v. Doherty, 143 Tex. 64, 183 S.W.2d 453, 456, our Supreme Court quoted with approval from Howard v. Howard, Tex.Civ.App., 102 S.W.2d 473, 475 (Writ Ref.), as follows:

" 'The test in such (a) case is, whether taking the finding alone in the one instance, a judgment should be entered in favor of the plaintiff; and taking it alone in the other, judgment should be entered in favor of the defendant.' "

In Siratt v. Worth Construction Co., 154 Tex. 84, 273 S.W.2d 615, 616, Judge Griffin said:

"This Court said, in Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985, 991(13): 'To require a judgment entered on a verdict containing conflicting answers to be set aside, the conflict between the answers must be such that one answer would establish a cause of action or defense, while the other would destroy it.' "

As shown by the last two cited decisions by our Supreme Court, it has been decided that an irreconcilable conflict which will prevent rendition of a judgment for a defendant does not exist when a plaintiff was not entitled to a judgment under either of the conflicting answers. See Lewis v. Texas Employers' Ins. Ass'n, Tex.Civ.App., 197 S.W.2d 187, 189 (Writ Ref.); Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985, 991; Woodard v. Tatum, Tex.Civ.App., 277 S.W.2d 943, 945. There being no finding which would support a judgment for plaintiff, there was no irreconcilable conflict in the findings which required a mistrial, regardless of what the finding might be on the issue of unavoidable accident. Under these circumstances, the jury having exonerated defendant of all acts of negligence submitted or requested by plaintiff, judgment was properly rendered for defendant. If appellant's contention that there was no evidence that appellant's injury was caused by an unavoidable accident should be sustained the result would be the same. Siratt v. Worth Construction Company, supra. Appellant's first four points are overruled.

Appellant's fifth, sixth, seventh and eighth points are based on the contention that the evidence showed conclusively, that is, as a matter of law, that the operator of defendant's bus failed to yield the right of way, within the meaning of Article 6701d, Section 33, Vernon's Ann.Civ.St., which requires that a vehicle turning to the right, as appellee's bus did, shall yield the right of way to pedestrians already within the intersection or adjacent cross walk at the time a green signal light is exhibited. Appellant says it is undisputed that the bus collided with Mrs. Maynard while it was making a right hand turn and when Mrs. Maynard was in the cross walk on a green light. The jury found (5) that at the time of the collision Mrs. Maynard was going

north across Ross on a cross walk and on a green light. It also found (6) that the bus operator did not fail to yield the right of way to Mrs. Maynard. This is not a finding, as appellant contends, that Mrs. Maynard had the right of way. There was no dispute but that the collision occurred when Mrs. Maynard was in the pedestrian cross walk and facing a green light. But, there is no finding that at the time the bus was driven into the walk that Mrs. Maynard was already within the intersection or walk. The answer to issue six implies the contrary. The jury could readily have believed from the evidence and in accord with its findings that at the time the bus was turned to the right and driven into the walk that Mrs. Maynard had not yet entered the cross walk but, on the contrary, that she stepped from the curb into the walk and ran into the bus. In order to establish that Mrs. Maynard had the right of way, she had to show that she was on the cross walk before the bus entered it. The answer to issue five merely established the point of impact, that it was at an unmarked cross walk when the traffic light was green. The answer did not determine who entered the intersection first nor the superior right to then use the walk. Pressler v. Moody, Tex. Civ.App., 233 S.W.2d 165; Article 6701d, Section 33, subd. 1. There was evidence from which it might have been concluded that Mrs. Maynard had been running down the sidewalk, turned into the cross walk and ran into the side of the bus and that the bus had turned right off of Harwood into Ross and had entered the cross walk before Mrs. Maynard entered the walk. The undisputed evidence did not show that plaintiff had the right of way. No finding determined that plaintiff had the right of way. The question as to who was first in the walk, the bus or Mrs. Maynard, has not been directly decided. It was not submitted nor requested. See Knight v. Stewart, Tex. Civ.App., 282 S.W.2d 307, 310. But, it was inferentially decided against her by the answer to issue six. We have considered all of appellant's points and have concluded reversible error is not shown. The judgment is affirmed.