**Andrew NELSON et ux., Appellants,**

v.

**DALLAS RAILWAY & TERMINAL COMPANY, Appellee.**

No. 3468.

Court of Civil Appeals of Texas.

Waco.

May 2, 1957.

Rehearing Denied May 30, 1957.

James L. Mitchell, Dallas, for appellants.

Turner, White, Atwood, McLane & Francis, John L. Hauer, Dallas, for appellee.

TIREY, Justice.

The action is for damages grounded on negligence growing out of a collision.

The jury in its verdict found substantially (1) that defendant failed to keep a proper lookout for plaintiff's automobile; (2) but that such failure was not a proximate cause of the injuries; (3) that defendant failed to apply the brakes of the street car in time to avoid the collision; (4) but that such failure was not negligence; (6) that defendant failed to yield the right-of-way to plaintiffs; (7) but that such failure was not negligence; (9) that defendant did not follow too closely behind the plaintiffs' automobile; (12) that defendant was not exceeding the maximum safe speed under the conditions then prevailing; (15) "What sum of money, if any, do you find from a preponderance of the evidence, if paid now in cash, would fairly and reasonably compensate plaintiffs for the injuries, if any, sustained by them, or either of them, as a direct and proximate result of the collision in question?" Answer: $1,000. (16) The jury awarded plaintiff the sum of $208 for repairs to his car, which it found was the direct and proximate result of the collision; (17) that plaintiff failed to allow defendant's street car sufficient time to pass through the intersection before attempting to change the course of his vehicle; (18) and that such failure was negligence; (19) but that such negligence was not a proximate cause of the collision; (20) that plaintiff failed to make proper application of his brakes at the time; (21) and that in so doing he failed to exercise ordinary care; (22) but that such failure was not a proximate cause of the collision; (23) that plaintiff did not attempt to turn in front of the street car after passing same at the time in question; (25) that defendant's street car had started across the intersection in question at the time plaintiff attempted to drive his car upon the tracks within the intersection in front of the street car; (26) but that such action of the plaintiff in so doing was not a proximate cause of the collision; (27) that plaintiff did not fail to signal his intention to turn left by extending his left arm outward at the time; (29) that plaintiff failed to keep a proper lookout for the street car at the time; (30) but that such failure was not a proximate cause of the collision; (31) that plaintiff attempted to change the course of his car without first ascertaining that such movement could be made with safety; (32) but that such failure was not a proximate cause of the collision; (33) "Do you find from a preponderance of the evidence that the collision in question was not the result

of an unavoidable accident?" In the court's charge we find this definition: "Unavoidable accident, as that term is used in this charge, means an event that happens without having been proximately caused by any party to it." See Dallas Railway & Terminal Co. v. Bailey, 151 Tex. 359, 250 S.W.2d 379, point 14, at page 385. The jury's answer to the foregoing issue was: "It was not the result of an unavoidable accident."

Immediately after the verdict was returned in open court plaintiff seasonably pointed out to the court that the verdict of the jury was in irreconcilable conflict, which point was overruled, and the court thereafter granted judgment in behalf of defendant on the verdict of the jury, to which plaintiff duly excepted, all of which is fully shown by plaintiffs' bill of exception No. 1, and plaintiffs thereafter perfected their appeal to the Dallas Court of Civil Appeals, and the cause is here on transfer order of our Supreme Court.

The judgment is assailed on one point. It is: "The verdict of the jury is in irreconcilable conflict and will not support the judgment of the trial court."

Evidence was tendered to the effect that appellant was driving his automobile in an easterly direction on Jefferson Street in the City of Dallas and as he approached the intersection of Zangs Boulevard with Jefferson Street there was a street car ahead of him and a street car behind him, and that his left wheels were on the street car tracks; that at a point some 35 feet before the intersection of Jefferson Street with Zangs Boulevard was reached, excavation work was in progress in and around the street car tracks on which the two street cars and appellant's automobile were proceeding; that there were flares in the middle of the track and at a point where the hole began; that dirt and concrete were piled up around the excavation and a flagman was stationed at the excavation site to warn approaching automobiles; that after the street car ahead of appellant proceeded on the tracks over the excavation (which did not interfere with the use of the tracks by street cars) a flagman waved appellant to appellant's right around the pile of dirt and appellant drove to his right around the excavation work; that the street car which had been traveling behind appellant went on across the excavation; that the excavation work extended into the intersection a short way; that as appellant proceeded toward the intersection he was obliged to keep a watch for west bound traffic, of which there was quite a bit, so that appellant felt that he would be in danger of a collision if he looked back over his shoulder. As he began to turn to his left appellant's automobile collided with the street car, which had been previously following behind him on the tracks. It will be observed that the jury found that the operator of the street car failed to keep a proper lookout for appellant's car, but that this was not a proximate cause of appellant's injuries. They found that the street car operator failed to apply his brakes in time, but that this was not negligence. They found that the street car operator failed to yield the right-of-way to appellant, but that this was not negligence. They found that the street car was not following appellant's automobile too closely, and that it was not exceeding the maximum safe speed under the conditions then prevailing. The jury also found that appellant was guilty of negligence in failing to allow the street car sufficient time to pass through the intersection before attempting to change the course of his automobile, but found that this was not a proximate cause of the collision. They found that appellant failed to make proper application of his brakes, and that this was negligence, but not a proximate cause of the collision; that appellant did not attempt to turn in front of the street car after passing it, and that the street car had started across the intersection at the time appellant attempted to drive his car upon the tracks in front of it, but that this was not a proximate cause of the collision;

that appellant did not fail to make an arm signal of his intention to turn left, but that he did fail to keep a proper lookout for the street car, although such failure to keep a proper lookout was not a proximate cause of the collision; that appellant attempted to change the course of his car without first ascertaining that such movement could be made with safety, but further found that this was not a proximate cause of the collision. As above stated, the jury further found that the collision was not the result of an unavoidable accident.

Summarizing the jury's verdict we find that the first fourteen issues deal with primary negligence and make inquiry as to whether or not defendant was guilty of negligence proximately causing the collision, and the jury acquitted the defendant on each inquiry. Issues 17 to 32 inclusive deal with the contributory negligence of plaintiff and make inquiry as to whether or not plaintiffs were guilty of actionable negligence proximately causing the collision complained of, and the jury acquitted the plaintiff driver in each instance. However, the jury did find that the collision was not the result of an unavoidable accident. Under the foregoing factual situation, it is appellants' contention that this cause comes within the exact holding of the Galveston Court in Bishkin v. Campbell, Tex.Civ. App., 107 S.W.2d 919 (no writ history).

Appellants also contend that their position is also strengthened by the following cases: Whitson v. Nickols, Tex.Com.App., 12 S.W.2d 556; J. M. Radford Grocery Co. v. Andrews, Tex.Com.App., 15 S.W.2d 218; Bransford v. Pageway Coaches, Inc., Tex. Com.App., 129 Tex. 327, 104 S.W.2d 471; Bowen Motor Coaches v. Young, Tex.Civ. App., 138 S.W.2d 145 (no writ history).

Returning to a discussion of the jury's verdict, it is our view that under the court's definition of unavoidable accident, the jury's answer to the effect that the collision was not the result of an unavoidable accident and the jury's answer to the effect that the collision was not proximately caused by the negligence of the driver of defendant's street car, are in direct and irreconcilable conflict; and that such finding on unavoidable accident is likewise in direct and irreconcilable conflict with the jury's finding as to plaintiff's negligence to the effect that the negligence of the driver of plaintiff's automobile did not proximately cause or contribute to cause the collision. Since the court refused to send the jury back to resolve the conflict here pointed out, does such action of the court in so doing require us to reverse and remand the cause? We do not think so under the great weight of authority which we shall hereafter briefly enumerate.

In Brown v. Dallas Gas Co., Tex.Civ. App., 42 S.W.2d 869 (writ ref. 1931) this court, speaking through Justice Alexander, where a similar factual situation existed save and except the jury did not answer the issue as to unavoidable accident, said: "In view of the answers of the jury to the other issues as heretofore set out, this issue became immaterial, and it was not error for the trial court to accept the verdict of the jury without an answer to that issue." Citing cases.

Our Supreme Court in Blanton v. E. & L. Transport Co., 146 Tex. 377, 207 S.W.2d 368, 369, in discussing the application of the rule as to unavoidable accident, had this to say: "There is nothing contrary to our present holding in cases like Brown v. Dallas Gas Co., Tex.Civ.App., 42 S.W. 2d 869, error refused, and Ripley v. Dozier Construction Co., Tex.Civ.App., 45 S.W.2d 661. In the former case the jury's answers acquitted both plaintiff and defendant of any negligent act, so it was properly held immaterial that the issue on unavoidable accident was not answered. In the latter case the jury found that certain acts of the plaintiff constituted contributory negligence which proximately caused and contributed to cause his injuries, therefore it could make no difference what the jury might have found on the unanswered issues

submitting primary negligence. In both those cases the winning party was entitled to judgment no matter what the jury may have said in response to the unanswered issues. But that is not true in this case. Although the jury did find unavoidable accident, respondents would not have been entitled to judgment had the jury found the primary negligence issues against them."

We realize that the statements contained in the opinion of this court by Justice Alexander and the statements contained in the opinion of the Supreme Court in Blanton v. E. & L. Transport Co., supra, are very broad, but so far as we know, the Supreme Court has not modified the broad statements of the rule there made.

■ In connection with the foregoing holding, we think it pertinent to consider the rule in Texas as to when a conflict in the jury verdict will require that the cause be reversed and remanded. We think this question was answered by our Supreme Court in Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985, point 13, at page 991, where the court said: "Since the essential element of proximate causation is lacking in the verdict, the conflict in the answers to Special Issues Nos. 15 and 16 is not fatal. To require a judgment entered on a verdict containing conflicting answers to be set aside, the conflict between the answers must be such that one answer would establish a cause of action or defense, while the other would destroy it." Citing cases. In Siratt v. Worth Construction Co., 154 Tex. 84, 273 S.W.2d 615, our Supreme Court adhered to the foregoing rule. See point 3, at page 616. It

is our view that the application of the foregoing rule would not require a reversal of this cause. The broad rule stated by Justice Alexander in Brown v. Dallas Gas Co., supra, has been followed in Farmer v. Denton, 231 S.W.2d 908 (Amarillo Court, no writ); Adkins v. Texas & P. Ry. Co., Tex.Civ.App., 233 S.W.2d 956 (Ft. Worth Court, writ ref.); Smith v. Morgan, Tex.Civ.App., 235 S.W.2d 938 (San Antonio Court, writ dis., majority opinion by Chief Justice Murray, concurring opinion by Justice Pope, dissenting opinion by Justice Norvell); Grady v. Dallas Railway & Terminal Co., Tex.Civ.App., 278 S.W.2d 282 (Amarillo Court, no writ history); Herrera v. Zinberg, Tex.Civ.App., 287 S.W.2d 695 (San Antonio Court, n. r. e.); Maynard v. Dallas Railway & Terminal Co., Tex.Civ.App., 291 S.W.2d 363 (Eastland Court, no writ history). The Maynard case, supra, is the last expression that we have been able to find on this question. See also Price v. Leon, Tex.Civ.App., 202 S.W.2d 309 (Galveston Court, n. r. e.).

The opinion of the Galveston Court in Bishkin v. Campbell, supra, and the dissenting opinion of Justice Norvell in Smith v. Morgan, supra, are very interesting and we think able discussions of the point here involved, but in view of the pronouncements of this court in Brown v. Dallas Gas Co., supra, and the comments thereon by our Supreme Court in Blanton v. E. I. Transport Co., aforesaid, we feel that it is our duty to follow the decision of this Court and affirm the judgment of the trial court.

Accordingly, the judgment of the trial court is affirmed.