James Ira MONTGOMERY, Appellant,

v.

Allan C. PAGAN, Appellee.

No. 3624.

Court of Civil Appeals of Texas.

Waco.

April 30, 1959.

Issues, found: 1) Defendant did not operate his automobile at an excessive speed; 2) defendant did not fail to make proper application of his brakes; 3) defendant did not fail to keep his automobile under proper control; 4) defendant failed to sound his horn as he attempted to pass plaintiff's automobile; 5) such failure was negligence 6) but that such negligence was not a proximate cause of the collision; 7) plaintiff was not in a perilous position immediately prior to the collision; 8) plaintiff did not turn to his left immediately prior to the collision; 9) plaintiff did not change his lane of traffic immediately prior to the collision; 10) plaintiff did not fail to keep a proper lookout for vehicular traffic to his rear; 11) the collision was not the result of an unavoidable accident; 12 and 13) plaintiff's damages amount to $504.44 and $1,200.

The trial court entered judgment that plaintiff take nothing. Plaintiff appeals, contending:

1) The jury's findings a) that plaintiff was not guilty of negligence proximately causing the collision; b) that defendant was not guilty of negligence proximately causing the collision; and c) that the collision was not the result of an unavoidable accident; are in direct and irreconcilable conflict, for which reason plaintiff is entitled to a mistrial, and that a judgment that plaintiff take nothing cannot be predicated thereon.

Scardino & Regnier, Houston, for appellant.

Vinson, Elkins, Weems & Searls, Gaius G. Gannon, Jr., Houston, for appellee.

## McDONALD, Chief Justice.

This is an automobile collision case. Plaintiff alleged that the car which he was driving was struck in the rear by the car driven by the defendant, and that he received serious injuries as a result. Trial was to a jury which, in answer to Special

2) The trial court erred in refusing to admit into evidence certain hospital records tendered by plaintiff.

3) The trial court erred in admitting into evidence certain pictures of the scene of the collision.

4) The trial court erred in permitting defendant on cross-examination to bring out certain questions relative to plaintiff's relationship with Mrs. Todd; fights plaintiff had in the past; and as regards plaintiff having been intoxicated in prior years. Plaintiff contends such was immaterial to

the cause on trial, and highly prejudicial to plaintiff's case with the jury.

5) The Trial Court erred in making certain remarks which amount to a comment on the weight of the evidence.

6) The Trial Court erred in permitting testimony relative to the witness Tullis' relationship with a Mrs. Palamore.

7) That the answers of the jury to the Special Issues in which defendant is acquitted of acts of negligence are against the great weight and preponderance of the evidence.

The crux of plaintiff's first contention is that because the jury acquitted both plaintiff and defendant of negligence, and further found that the collision was not the result of an unavoidable accident; that such issues are in direct and irreconcilable conflict.

Nelson v. Dallas Railway & Terminal Co., Tex.Civ.App., 302 S.W.2d 436, W/E Ref. NRE, is a case directly in point, and holds, citing numerous authorities, that when a defendant has not been found guilty of any act of primary negligence, it is immaterial what the jury might answer in regard to the issue of unavoidable accident, since he is entitled to a judgment no matter what they might say in response thereto. See also: Blanton v. E. & L. Transport Co., 146 Tex. 377, 207 S.W.2d 368; Maynard v. Dallas Railway & Terminal Co., Tex.Civ.App., 291 S.W.2d 363 (no writ history).

Plaintiff's second contention is levelled at the action of the trial court in not admitting into evidence certain hospital records. This point presents no error since the records were not brought forward by bill of exception or otherwise. This court has no way of knowing, therefore, whether same were admissible or not. Moreover, the evidence tendered could only have affected the jury's answer to the damage issues. Since the jury acquitted defendant of negligence the matter becomes immaterial. Cloud v. Zellers, Tex., 309 S.W.2d 806.

Plaintiff's third contention complains of the admission into evidence of certain pictures of the scene of the collision. The record reflects that these pictures were properly identified; were cumulative of other pictures almost identical of the scene of the accident; and in any event in no manner could be held to be harmful.

Plaintiff's fourth contention is that the trial court erred in permitting defendant on cross-examination to ask certain questions relative to plaintiff's relationship with a Mrs. Todd; to ask about fights plaintiff had had in the past; and as regards plaintiff's having been intoxicated in the past. Mrs. Todd was plaintiff's girl friend and was in the car with him at the time of the collision. All of the matters here complained of came out on cross-examination of plaintiff. The inquiries complained of were quite limited and from an examination of the record as a whole, were innocuous. Moreover, plaintiff volunteered a portion of the matters now complained of. The matters complained of were objected to by counsel for plaintiff saying: "I see no materiality in this". The only findings which the evidence could be calculated to affect were those bearing on plaintiff's conduct. The jury acquitted plaintiff of contributory negligence. From the record as a whole we do not think that the matters complained of were harmful to plaintiff.

Plaintiff's fifth contention is levelled at certain remarks made by the trial court which plaintiff says constituted a comment on the weight of the evidence. The statement of facts reflects that the remarks were made out of the hearing of the jury. Plaintiff's counsel has approved the statement of facts.

Plaintiff's sixth complaint is that the trial court erred in permitting testimony relative to the witness Tullis' rela-

tionship with a Mrs. Palamore. The persons involved were in plaintiff's car at the time of the collision. The matters complained of were developed on cross-examination. We think the examination was proper as testing the credibility of the witness; but in any even was harmless to plaintiff's case.

Plaintiff's final contention is that the findings of the jury acquitting the defendant of acts of negligence (or proximate cause) and the judgment that plaintiff take nothing are against the great weight and preponderance of the evidence. The record reflects that plaintiff was traveling south on North Post Oak Road at about 30 miles per hour; that plaintiff's vehicle was struck from the rear by defendant's vehicle, which was traveling some faster than plaintiff's vehicle. Defendant testified and contends he began to pass plaintiff and that plaintiff turned left into his path. The record reflects that plaintiff's car was struck on its left rear side by the front left side of defendant's car; that the point of impact was about the center stripe; that plaintiff's car just prior to the collision was on the right side of the road. The jury found that defendant did not operate his vehicle at an excessive speed. The speed limit at the place of collision was 40 miles per hour and defendant as well as the investigating officer testified that defendant was traveling 40 miles per hour. The jury found that the defendant did not fail to make proper application of his brakes; that the defendant did not fail to keep his automobile under proper control; that defendant failed to sound his horn as he attempted to pass plaintiff and that such was not a proximate cause of the collision. The issues were hotly disputed; both parties testified personally and introduced corroborating testimony. Such evidence conflicts in many particulars. The jury heard such evidence and observed the witnesses. There is competent evidence in support of each finding complained of and we cannot say from the record before us that such findings or the

judgment are against the great weight and preponderance of the evidence.

All of plaintiff's points and the contentions thereunder made are overruled, and the judgment of the trial court is affirmed.