Robert RUNYON et ux., Appellants,

v.

CITY OF BROWNSVILLE, Appellee.

No. 14162.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 2, 1963.

Rehearing Denied Oct. 30, 1963.

Polk Hornaday, Harlingen, for appel·lants.

O. B. Garcia, J. O. E. Warburton, George W. Storter, Brownsville, for appellee.

POPE, Justice.

Appellants, Robert Runyon and wife, sued the City of Brownsville to set aside ad valorem tax assessments against their property. Brownsville Consolidated Independent School District was impleaded. The Runyons contended that the assessments were grounded upon excessive values. The jury, based upon adequate evidence, found against them on that contention. The Runyons also contended that the assessments were not fair and equal. No issues were submitted on that contention, since it was not proved. Much of this appeal concerns the exclusion of evidence offered to prove that point.

Many points are briefed which were not mentioned in the amended motion for new trial, but several points, grounded upon the trial court's exclusion of evidence, were preserved. Robert Runyon, to prove discriminatory assessments, testified about the nature and location of other properties in the area which he contended were taxed on values far lower than those assessed to his properties. He was denied the right to testify as to the values of these comparison properties. In our opinion, this evidence was admissible; but there is no bill of exception before us to show what the evidence would have been. We can not presume what the evidence would have shown. Gass v. Baggerly, Tex.Civ.App., 332 S.W.2d 426; Montgomery v. Pagan, Tex.Civ.App., 324 S.W.2d 251.

The trial court also excluded thirty-six survey cards used by the tax assessor

to record information about comparable properties. The court excluded four sheets which showed the assessments against four near-by tracts, and also a 1916 photo of a five-story building. If all those items were admitted, they would show nothing by way of comparison unless interpretive evidence was also offered. These documents, without more, are of no help in proving discrimination, and no bill of exception supplies any clue or data which would tend to prove the point in issue. Moreover, the points are stated but not briefed.

■ The Runyons were disappointed in the value evidence given by their own witness, E. B. Duarte. They did not, however, advise the court of surprise nor ask for a postponement or other relief. Instead, they proceeded with the trial and called other witnesses who gave testimony of values. The trial continued for several days, and the Runyons did not complain of surprise until they filed their motion for new trial. Chief Justice Hemphill in Kilgore v. Jordan, 17 Tex. 343, said that one can not take the chances of a trial, and upon failing, urge surprise as a ground to reopen the controversy. The Runyons waived their complaint.

■ The Runyons also insist that their case was prejudiced by comments by the trial judge. They say, "In the stormy atmosphere of this case, the seas of reason were churned by the tempestuous waves of the trial judge's wrath, the boat of reason could not sail on the smooth waves of reason, and be brought into the harbor of justice." The metaphor is a bit mixed, but the point is saved. However, we are convinced that at most the proceedings had some local squalls, such as any seasoned legal mariner can expect in a contest between adversaries and a judge. There were no damaging storms. Not until page 390 of the statement of facts did the court begin to make the objectionable comment, "Let's get along." Thereafter he made the statement twenty-five times, following a distinct ruling on each objection. Most, but not all of

these remarks were addressed to counsel for the Runyons. In some of those instances, it was because the evidence was repetitious. The trial judge was expediting a trial, during which, at times, there was inadequate progress.

■■ The most serious incident in the trial occurred outside the presence of the jury. The trial judge excluded settlement testimony, but Runyons' counsel immediately asked the same question. The court excused the jury and lectured counsel that a further violation of its rulings and orders would result in a dismissal of the suit. Of course the case was not dismissed, and that is not the point before us. A judge properly enforces his rulings.

■ Still another incident occurred when the court excluded a document. In the presence of the jury, the court admonished counsel not to "wave" it in close proximity to the jury. The incident arose by reason of the court room arrangement. The record shows, however, that the court had earlier given such instructions in connection with an excluded picture. A trial court often must lay down some ground rules. Once they are clear, the judge properly enforces them.

■ City of Brownsville has one crosspoint. It complains that the trial court failed to award it ten per cent attorney's fees as prayed for. Article 7335b, Vernon's Tex.Civ.Stats., authorizes contracts between cities and attorneys for collection of delinquent taxes. The trial court probably concluded that the City failed to prove the conditions to such right to collect attorney's fees, as provided in the statute. Prefacing the authority to make such a tax collection contract are two clauses: "Any city or town of this State not employing a full time city attorney, or where such full time city attorney fails or refuses to collect the delinquent taxes, such city or town may contract * * *." We fail to find proof that those conditions were proved.

The judgment is affirmed.