Jesus **HERNANDEZ** et al., Appellants,

v.

James Monroe **ALLEN** et al., Appellees.

No. 351.

Court of Civil Appeals of Texas.

Tyler.

June 6, 1968.

Rehearing Denied July 11, 1968.

Huff & Bowers, Broadus A. Spivey, Lubbock, for appellants.

Key, Carr, Carr & Clark, Donald M. Hunt, Lubbock, for appellees.

DUNAGAN, Chief Justice.

This is a case involving a suit for personal injuries brought by the appellant, Jesus Hernandez, and his wife (plaintiffs in the court below) against James Monroe Allen and Jack Fry, d/b/a Jack Fry Wholesale Lumber (defendants in the court below) to recover damages for personal injuries allegedly resulting from the negligence of the appellees. The case was tried before a jury and the trial court entered judgment for the appellees based upon the verdict of the jury. It is from this judgment of the trial court that appellants have perfected their appeal.

The automobile collision in issue occurred on Sunday, May 15, 1966, at noon in the 900 block of Avenue S, Lubbock, Texas, approximately 152 feet north of such Avenue's intersection with Tenth Street. Avenue S is an ordinary paved city street for one-way traffic proceeding north and at the point of collision is approximately 30 feet wide.

There was a stop sign at the intersection of Tenth Street and Avenue S for the traffic proceeding north on Avenue S. Just past such intersection on the left-hand side of Avenue S was a house on which was located a side porch. Tenth Street was also a one-way street for traffic heading from east to west.

At the time of the collision plaintiffs' automobile, a 1958 Chevrolet, was parked in a northerly direction near the right-hand curb of Avenue S approximately two to three feet from such curb. Also parked

in a northerly direction on the left-hand side of Avenue S, about a foot from the curb, was a 1962 Falcon automobile with its front bumper in line with the rear bumper of the plaintiffs' automobile. By measuring comparable automobiles, it was shown that a Falcon is approximately five feet six inches wide and a Chevrolet is approximately six feet six inches wide.

The other automobile involved in the collision was a 1965 Chevrolet belonging to defendant, Jack Fry, but was being driven with Fry's permission by one of his employees, defendant Allen, an 18-year-old young man. The manner in which the accident happened is relatively undisputed. As Allen proceeded north on Avenue S, he stopped at the intersection of such Avenue and Tenth Street. At the time he stopped at such intersection, he saw the Hernandez vehicle as well as the Falcon automobile. There were no other automobiles in the area at the time of the accident.

Also, while stopped at the stop sign, Allen saw two women standing on the side porch of the house on the left-hand side of Avenue S. After stopping at the intersection and looking for traffic, Allen proceeded north at a speed of approximately 15–25 miles per hour. There was hardly enough room to go between the two cars as one was sitting too far from the curb. As Allen was preparing to angle his car to go between the parked vehicles, he suddenly heard from the left rear, apparently from one of the two women standing on the side porch, a female screaming about somebody was going to cut her throat.

At the time of the scream, Allen's foot was on the gas pedal and when the woman screamed, his foot hit the gas and the car jumped a little bit. Allen reflexively turned his head to the left rear in response to the scream. At the time Allen hit the gas pedal and jerked his head to the left, he turned the wheel to the right. Realizing what he was doing, Allen then turned his head back to the right and hit his brakes. Allen's vehicle skidded about a half foot before its right front bumper collided into the left rear bumper of the Hernandez automobile. The bumpers overlapped approximately a foot and a half. The accident was investigated shortly thereafter by the city patrolman who verified that Allen told him at the time of the accident about the scream and the manner of happening. Mrs. Hernandez was seated in the right-hand front seat of plaintiffs' automobile. Also in the automobile were a minor child of the plaintiffs and two men in the back seat. Mr. Hernandez was not in the car and did not see the collision as he was inside the house in front of which his automobile was parked.

The minor child of the plaintiffs, while not apparently being injured physically, did allegedly receive a psychological injury as he was afraid of automobiles after the accident and he remembered the siren of the ambulances. This minor child was examined by a doctor after the accident but was not hospitalized and has not been otherwise treated since the accident.

Mrs. Hernandez alleged that she was injured in the accident by three blows to the spine. After the accident Mrs. Hernandez was taken by ambulance to an osteopathic hospital for examination but not before she protested for a while, indicating that she did not wish to go. At the hospital Mrs. Hernandez was checked by Dr. Harrold, an osteopathic physician. Dr. Harrold did not hospitalize her, nor has she had any hospitalization as a result of the collision since that time.

In response to special issues the jury found that Allen did not fail to keep a proper lookout; that Allen did not fail to keep sufficient clearance in his line of travel; and that Allen did not fail to make proper application of his brakes. The jury also found Hernandez parked his car more than eighteen inches from the curb, and that such parking was neg-

ligence but not a proximate cause of the collision. In answer to Special Issue No. 11, the jury found that the collision was the result of an unavoidable accident.

The points of error will be discussed in an order different from that followed by the appellants.

By Points 2, 3, 4, 5, 6 and 7, appellants contend that there was no evidence, or insufficient evidence, to support the jury findings in response to Special Issues 1,[1] 3,[2] and 6.[3] Additionally, they contend that the findings in response to Issues 3 and 6 are contrary to the overwhelming weight and preponderance of the evidence. Conditional submitted issues were not answered.

■ Taking the evidence as a whole, the jury has found that Allen, up to the point in time of the scream, acted as an ordinary prudent man and that what happened thereafter was the result of a sudden, unexpected terrifying scream. When all of these issues and their findings are viewed together, the jury has placed the fault with the scream and not upon any act or omission of Allen.

We have examined this record in the light of the rule announced by our Supreme Court in In re: King's Estate, 150 Tex. 662, 244 S.W.2d 660 and find sufficient evidence to support the finding of the jury to the special issues here under attack. The jury findings to Issues 3 and 6 are not contrary to the overwhelming weight and preponderance of the evidence. Accordingly, appellants' points are overruled.

■ By Point No. 1, appellants contend that the issue of unavoidable accident was not raised by the evidence, and hence the issue (No. 11) should not have been submitted. However, in view of the jury's failure to find Allen guilty of actionable negligence in any of the primary negligent issues (and our decision upholding these findings), any complaint regarding the jury's answer to Special Issue No. 11 is rendered immaterial. Rule 434, Texas Rules of Civil Procedure; Brown v. Dallas Gas Co., 42 S.W.2d 869 (Tex. Civ.App., 1931, Waco, writ ref.); see also Montgomery v. Pagan, 324 S.W.2d 251 (Tex.Civ.App., 1959, Waco, n. w. h.); Maynard v. Dallas Railway & Terminal Company, 291 S.W.2d 363 (Tex.Civ.App., 1956, Eastland, n. w. h.); Nelson v. Dallas Railway & Terminal Company, 302 S.W.2d 436 (Tex.Civ.App., 1957, Waco, writ ref., n. r. e.).

In view of our disposition of this appeal, it is not necessary for us to consider appellants' remaining points of error.

Judgment affirmed.

---

1. "Do you find from a preponderance of the evidence that James Monroe 'Bucky' Allen failed to keep a proper lookout for the motor vehicle occupied by Selestino Hernandez prior to the occurrence in question?
"In connection with the foregoing Special Issue you are instructed that 'proper lookout' means such lookout as a person of ordinary prudence in the exercise of ordinary care would have kept under the same or similar circumstances.
"Answer 'Yes' or 'No.'
"ANSWER:  No.  "

2. "Do you find from a preponderance of the evidence that James Monroe 'Bucky' Allen failed to keep sufficient clearance between the line of travel of his motor vehicle and the motor vehicle occupied by Selestino Hernandez prior to the occurrence in question?
"Answer 'Yes' or 'No.'
"ANSWER:  No.  "

3. "Do you find from a preponderance of the evidence that on the occasion in question James Monroe 'Bucky' Allen failed to make proper application of the brakes on his motor vehicle?
"In connection with the foregoing Special Issue you are instructed that 'proper application of brakes' means such application of brakes as a person of ordinary prudence in the exercise of ordinary care would have made under the same or similar circumstances.
"Answer 'Yes' or 'No.'
"ANSWER:  No.  "